619 A.2d 365

**Sharen R. BELL and Wilbert L. Bell, Husband and Wife, Appellants,**

v.

**John R. IRACE and Elizabeth D. Reis.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1992.

Filed Jan. 21, 1993.

Jean Best, New Castle, for appellants.

Dara A. DeCourcy, Pittsburgh, for Reis, appellee.

Robyn R. Gallitto, Ellwood City, for Irace, appellee.

Before ROWLEY, President Judge, and CAVANAUGH, McEWEN, DEL SOLE, BECK, TAMILIA, KELLY, POPOVICH and FORD ELLIOTT, JJ.

ROWLEY, President Judge:

Appellants, Sharen and Wilbert Bell, appeal from the trial court's order sustaining preliminary objections in the nature of a demurrer filed by Appellees, John Irace and Elizabeth Reis. The Bells sued Irace and Reis for negligence, but pursuant to the preliminary objections, the trial court dismissed the suit based on Appellants' failure to allege sufficient facts in their complaint to establish proximate causation between Appellants' injuries and the alleged negligence of the Appellees. We affirm the trial court's order dismissing Appellants' complaint.

Appellants advance two arguments to persuade us that they have alleged sufficient facts to establish proximate causation. First, they argue that ordinary negligence principles pertaining to proximate causation are satisfied in this case. Second, they contend that even if we find, as a matter of law, that

proximate causation is not satisfied in this manner, the "rescue doctrine" is applicable as an alternative means of satisfying the proximate causation requirement. We will review Appellants arguments, keeping in mind that the essential issue to be decided is whether the averments contained in Appellants' complaint are sufficient to invoke principles of substantive law which would entitle Appellants to relief.

■ Appellate review requires us to accept as true all the material facts set forth in Appellants' complaint "and all reasonable inferences deducible from those facts.... [W]e then determine whether [Appellants have] failed to state a claim for which relief may be granted," with all doubts resolved in favor of the pleader. *Field v. Philadelphia Electric Co.*, 388 Pa.Super. 400, 405, 565 A.2d 1170, 1172 (1989) (footnote and citations omitted). If we are certain that no recovery is possible, we will affirm the grant of the demurrer. *Id.*

The factual events, as set forth in Appellants' complaint, progressed as follows: Appellee Reis was crossing an intersection on foot when she was struck by a vehicle driven by Appellee Irace. Both Appellees were allegedly negligent in causing the collision between them.[1] Appellant Sharen Bell was working as an emergency medical technician (EMT) and was called to the accident scene. Bell administered aid to Appellee Reis who was reacting to her own injuries. Through her reactions, Reis severely injured Sharen Bell's arm, wrist, and hand. Mrs. Bell sued both Irace and Reis to recover for her injuries. Wilbert Bell, the husband of Sharen Bell, sued Appellees for a loss of consortium.

■ Appellants first contend that they have alleged sufficient facts to warrant a finding of proximate cause through the application of ordinary principles of negligence. We disagree.

1. Appellants' only allegation of Appellee Reis' negligence was the manner in which Reis was crossing the street at the time of the collision. Appellants allege no subsequent acts of negligence nor intent to do harm on Reis' part. Because of this, we can consider the potential liability of both Appellee Reis and Appellee Irace simultaneously. Both Appellees' alleged negligence occurred at the same time and therefore, we will not treat them separately here. Likewise, the result as to each will be the same.

An application of the definition of proximate cause to the alleged facts reveals that Appellants' complaint does not satisfy the proximate causation requirement which would create a question of fact for the jury.

■ Unlike causation in fact, with which proximate causation is "often hopelessly confused," proximate causation "is primarily a problem of law." W.P. Keeton, *Prosser and Keeton on Torts* (5th ed.1984) at 273. The question depends "essentially on whether the policy of the law will extend the responsibility for the [negligent] conduct to the consequences which have in fact occurred. . . . The term 'proximate cause' is applied by the courts to those more or less undefined considerations which limit liability even where the fact of causation is clearly established." *Id.*

Many theories of "proximate," or "legal," cause have been advanced and applied to numerous and diverse types of cases. *Id.* [2] Abiding by the principle stated in the Second Restatement of Torts, it is a Pennsylvania court's responsibility to evaluate the alleged facts and refuse to find an actor's conduct the legal cause of harm when" ' it appears to the court *highly extraordinary* that [the actor's conduct] should have brought about the harm.' " *White v. Rosenberry,* 441 Pa. 34, 38–39, 271 A.2d 341, 343 (1970) (quoting Restatement of Torts, now found at § 435(2), p. 449, 1965), (emphasis supplied). At the point in the causal chain when the consequence of the negligent act is no longer *reasonably* foreseeable, "the passage of time and the span of distance mandate a cut-off point for liability." *Mazzagatti v. Everingham by Everingham,* 512 Pa. 266, 273, 516 A.2d 672, 676 (1986) (defining the reasonable foreseeability test).

Having carefully reviewed the alleged facts in light of these principles of proximate causation, we conclude that the law was correctly discussed and the issue was correctly decided by the learned trial judge, who explained:

**2.** Prosser and Keeton instruct that jurisdictions have adopted dozens of tests and formulas in the hope of finding a "universal solvent for all of the problems of 'proximate cause.' "

At some juncture, which cannot be defined in unequivocal terms, the links which bind together the causal chain connecting conduct to injury must be severed because of [remoteness]. Fundamentally, the generic theory of cause and effect can be traced philosophically to a wide variety of factual situations. As a consequence, because of the need to reasonably limit the impact of a negligent act, the law recognizes that there must be a reasonably close causal connection between conduct and the resulting injury. The standard used to apply the test is termed proximate cause which is the measure applicable to those nebulous situations which limit liability *even where* the fact of causation can be somehow demonstrated.... Consequently, a point is reached where the legal chain of causation corrodes and the law then refuses to further trace the series of unfolding events connecting an act to an injury. That juncture has been reached here. Neither defendant here could reasonably be expected to foresee that the fortuitous acts which served to bring them together would be the source of an injury sustained by a medical technician who would be summoned to the scene of the accident for the purpose of providing aid.

Trial Court Opinion at 5–6 (citations omitted; emphasis added); *cf. McPeake v. Cannon,* 381 Pa.Super. 227, 233, 553 A.2d 439, 442 (1989) (no duty to prevent harm that is not a reasonably foreseeable result of prior negligent conduct); *Zanine v. Gallagher,* 345 Pa.Super. 119, 123, 497 A.2d 1332, 1334 (1985) (scope of duty limited to risks that are reasonably foreseeable by actor under then existing circumstances).

Appellees can be held liable only for those risks which persons in their positions could reasonably foresee. *Zanine v. Gallagher,* 345 Pa.Super. at 124, 497 A.2d at 1334.[3] In *Za-*

---

**3.** Although *Zanine* discusses the foreseeability of risks in the context of the duty of care owed by a plaintiff, conclusions drawn relative to duty are very similar, if not identical, to those which can be drawn when considering proximate cause. Prosser and Keeton explain as follows:

It is quite possible to state every question which arises in connection with "proximate cause" in the form of a single question: was the defendant under a duty to protect the plaintiff against the event

*nine,* the Court observed that the defendant had created a variety of risks when he led police on a high-speed car chase. The Court held, however, that the defendant could not reasonably have foreseen that the stress of the chase would result in the suffering of a heart attack by the plaintiff/police officer. Here, as in *Zanine,* Appellees' conduct, resulting in the vehicle-pedestrian accident, created a variety of risks, but the injury sustained by Appellant was not a reasonably foreseeable consequence of the negligence causing the vehicular accident.

We therefore hold that under the "factual" allegations of Appellants' complaint, the negligence, if any, of the Appellees in causing the collision between them is not the proximate cause of the injury received by the Appellant wife. We agree with the trial court that it was highly extraordinary for Appellees' conduct to have brought about the harm complained of, and we conclude as a matter of law that the alleged facts, together with all reasonable inferences deducible from those facts, are insufficient to warrant a finding of legal causation.

■ Even though we have found the element of proximate causation unmet as a matter of law, Appellants argue in the alternative that the "rescue doctrine" applies to satisfy the element for them. In very special cases, the law has created a narrow exception to the ordinary principles of negligence which require a showing of proximate causation. In certain situations where a litigant otherwise would not recover for a failure to satisfy the proximate causation requirement, the law

which did in fact occur? ... "[D]uty" may serve to direct attention to the policy issues which determine the extent of the original obligation and of its continuance, rather than to the mechanical sequence of events which goes to make up causation in fact.... [W]hether the defendant stands in any such relation to the plaintiff as to create any legally recognized obligation of conduct for the plaintiff's benefit; ... whether the interests of the plaintiff are entitled to legal protection at the defendant's hands against the invasion which has in fact occurred; ... or whether the conduct is the "proximate cause" of the result [—] all of these questions are, in reality, one and the same.
W.P. Keeton, *Prosser and Keeton on Torts* (5th ed.1984) at 274.

supplies another means to meet the requirement through the "rescue doctrine," thereby permitting recovery.

The rescue doctrine was adopted by the Supreme Court in *Corbin v. City of Philadelphia*, 195 Pa. 461, 45 A. 1070 (1900), in recognition of the fact that strict enforcement of principles of contributory negligence sometimes barred the courthouse doors to persons injured during a noble effort to save another person from imminent death or bodily harm. The Court observed that the doctrine was necessary to permit recovery in a rescue situation because "[a] rescuer, one who, from the most unselfish motives, prompted by the noblest impulses that can impel man to deeds of heroism, faces deadly peril, ought not to hear from the law words of condemnation of his bravery...." *Id.* at 468–69, 45 A. at 1072–73.

In recent times, the defense of contributory negligence has been modified by the Comparative Negligence Act, 42 Pa.C.S. § 7102. Even so, jurisprudence has recognized a sole, surviving purpose of the doctrine as establishing a causal connection between a defendant's original negligence and a plaintiff/rescuer's injury where a causal connection might not otherwise exist. *Pachesky v. Getz*, 353 Pa.Super. 505, 519, 510 A.2d 776, 783 (1986). This link of causation is "fictive" and provides a plaintiff/rescuer with a "favored status in the eyes of the law." *Id.* n. 8.

The rescue doctrine, though infrequently cited, has been applied in cases where a plaintiff is injured while "rescuing" a defendant from a perilous situation created by the defendant's own negligence. *Id.* at 514, 510 A.2d at 781. " 'Where a defendant's negligent act, of commission or omission, has created a condition or situation which involves urgent and imminent peril and danger, to life or property, of himself or of others, those acts of negligence are also negligence in relationship to all others who ... may attempt, successfully or otherwise, to rescue such endangered life or property, by any means reasonably appropriate' " and performed in the exercise of ordinary care. *Id.* at 516, 510 A.2d at 781 (quoting *Walker Hauling Co. v. Johnson*, 110 Ga.App. 620, 624, 139 S.E.2d 496, 499 (1964)).

If the rescue doctrine were applicable in favor of Appellants, it is true that they would have made out a case sufficient to withstand Appellees' demurrer. But, because the facts as alleged in Appellants' complaint do not support a finding that Mrs. Bell, as an EMT, undertook a "rescue" as that term has been construed, the rescue doctrine is not applicable here.

In order to constitute a "rescue," a person must attempt to prevent another person from suffering serious injury or death. *Id.* at 517, 510 A.2d at 782 (quoting 57 Am.Jur.2d *Negligence* § 419 (1971)). In addition, the situation precipitating the "rescue" must warrant a reasonable belief that the peril facing the object of the rescue was urgent and imminent. "There can be no reasonable belief of continued peril if the rescuer has knowledge that the victim's condition is stable, requiring only medical attention...." 57A Am.Jur.2d, *Negligence* § 1087 (1989). These principles are clear from an examination of the facts in cases where the rescue doctrine was applied.

For example, in *Pachesky v. Getz,* a woman noticed a man slumped motionless over the steering wheel of a car. The car was stopped in the middle of the street, its windows were up, the headlights were on, and the engine was running. The woman, believing the man was overcome by carbon monoxide, pounded on the windshield, shouted, and finally opened his car door to turn off the ignition. The woman acted in order to prevent the imminent peril of serious injury or death apparently confronting the man.

Likewise, in *Corbin v. City of Philadelphia,* a boy had fallen to the floor of a trench which was 28 feet deep. Strong gases present in the trench had caused sewer workmen to discontinue their work there earlier. The boy had fallen face-first and this prompted another boy to enter the trench, seeking to prevent imminent, serious injury or death to the first boy. Other examples of situations in which an individual's actions would constitute a "rescue" include a person diving in after a child who has fallen into a stream, or a person pushing to safety a traveler who is standing between railroad tracks when surprised by an oncoming train. *See also Lowrey v. Horvath,*

689 S.W.2d 625 (en banc) (Mo.1985) (man climbs into well at request of neighbor who believes her husband, who is in the well, is injured or ill), *superseded by statute as stated in Allison v. Sverdrup & Parcel & Assoc.*, 738 S.W.2d 440 (Mo.App.1987); *Lave v. Neumann*, 211 Neb. 97, 317 N.W.2d 779 (1982) (police officer attempts to stop an unattended semi-truck from rolling down sloped street in residential neighborhood; officer stepped on running board, but cab door opened and officer fell to ground); *Padilla v. Hooks Intern, Inc.*, 99 N.M. 121, 654 P.2d 574 (App.1982) ("arm" to "bucket" of backhoe equipment fell, crushing man; second man blocked bucket with his hands and body to keep it from falling all the way down), *cert. denied*, 99 N.M. 148, 655 P.2d 160 (1982); *Bell v. McMurray*, 5 Wash.App. 207, 486 P.2d 1105 (1971) (following a near collision with another vehicle, man left his truck protruding 2 to 4 feet into 12–foot inside lane of freeway and ran to assist the occupants of other vehicle which was wrapped around roadside pole, virtually sheared in half, and emitting smoke; while man engaged in "rescue," his truck was hit by a third automobile); *Clayton v. Blair*, 255 Iowa 700, 123 N.W.2d 896 (1963) (court would permit inference that woman who died in apartment building fire was attempting to warn fellow inhabitants when she died).

Unlike the foregoing examples, however, the facts alleged in Appellants' complaint, together with the reasonable inferences deducible from those facts, do not support a finding that Sharen Bell was responding to an imminent, urgent threat to Ms. Reis' life or body. The allegations in the complaint do not indicate the severity of Ms. Reis' injuries, whether her injuries were life-threatening, or whether Ms. Reis was conscious or in any immediate danger. Appellants' allegation that Sharen Bell was "providing aide [sic] to Defendant REIS" (paragraph 7, Appellants' complaint) does not suggest that Sharen Bell acted to prevent death or serious bodily harm to Ms. Reis.

Furthermore, Sharen Bell was not injured while attempting a heroic rescue of the nature contemplated by the rescue doctrine. She arrived upon the scene *after* the accident had occurred and was injured while providing post-accident medi-

cal care to the pedestrian/victim. The rescue doctrine does not apply where, as here, a plaintiff gave assistance after the imminent peril had ceased. Because we conclude that the rescue doctrine does not apply in this case, it is not necessary for us to decide the question raised by Appellants whether the rescue doctrine is available to "involuntary," or professional, rescuers.

In Appellants' brief opposing Appellees' preliminary objections, Appellants timely requested leave to amend their complaint "[i]n the event the [trial court found] that the Defendants' Preliminary Objections should be sustained." Because Appellants do not specify how they would amend their complaint, it is unclear to us how the amendment would in any way overcome our conclusions. Therefore, we decline to grant Appellants leave to amend their complaint.

Because in this case ordinary principles of proximate causation are not satisfied, and alternatively, the rescue doctrine does not apply, we affirm the order sustaining the preliminary objections in the nature of a demurrer. In accordance with our scope of review, we are certain that Appellants could not possibly prevail in their case against Appellees on the facts presented.

Order sustaining preliminary objections in the nature of a demurrer affirmed.