**Maffei v. Palina**

*Jeffrey Freedman,* for plaintiffs.
*Andrew Borek,* for defendant.

SHEPPARD, JR., *J.,* May 5, 1993 —

This memorandum opinion is submitted in support of this court's contemporaneous order, dated May 5, 1993, granting defendant's motion for summary judgment.

## FACTS

On September 15, 1986, Gaten Maffei (plaintiff), an on-duty police officer preparing to perform under-cover surveillance, was sitting in an unmarked federal police van, parked behind an Acme supermarket, at 3rd Street and Oregon Avenue in Philadelphia. While waiting for his fellow officer to make a purchase at the supermarket, plaintiff observed Michael Palina (defendant) running from the store. A store employee was in pursuit of the defendant.[1] The employee and the defendant struggled, then the chase continued.

Plaintiff exited the van, and ran after the two men. Plaintiff who was not in uniform, identified himself as a police officer and displayed his badge. He also displayed his pistol until he realized that defendant was unarmed. Horne had detained the defendant a distance away. Upon plaintiff's arrival at the scene and at his direction, Horne left to call for assistance. Plaintiff then escorted defendant about 20-30 feet to the front of the supermarket. Plaintiff did not handcuff the defendant. During this time, defendant resisted being led away, and attempted to interact with Horne.

While waiting for assistance, plaintiff experienced pain in his shoulder. After assistance arrived and defendant was taken from the scene, plaintiff experienced chest and

---

1. The employee was later identified as Ronnie Charles Horne ("Horne").

shoulder pains. Plaintiff was taken to Albert Einstein Southern Division Hospital where he was diagnosed as having suffered a heart attack.

At the criminal trial relative to the alleged shoplifting which had given rise to the outlined events,[2] defendant was found guilty of retail theft. However, defendant was found not guilty of simple assault and resisting arrest.

As a result of the heart attack, plaintiff allegedly was rendered totally disabled, and was retired from the police force. Plaintiff brought this civil suit to recover money damages based on a theory of negligence.[3] Defendant has moved for summary judgment.

## DISCUSSION

### Legal Standard For Entry Of Summary Judgment

The court may grant a motion for summary judgment if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). This court recognizes that:

"[I]n considering a motion for summary judgment the court must examine the record in the light most favorable to the non-moving party;... and that all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the non-moving party."

*Taylor v. Tukanowicz,* 290 Pa. Super. 581, 586, 435 A.2d 181, 183 (1981). (citations omitted) The burden

---

2. *Commonwealth v. Palina,* Phila. M.C. 8609-0658 (August 27, 1987).

3. Jo Anne Maffei, wife of plaintiff, is joined as a plaintiff in this suit and seeks damages for the lost comfort, soceity and companionship of the plaintiff.

rests upon the party moving for summary judgment to demonstrate that there is no genuine issue of material fact. *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa. Super. 225, 231, 464 A.2d 1313 (1983). (citations omitted) Accordingly, this court has reviewed the record in light of these principles.

## *Prima Facie Case Of Negligence*

Three elements must be shown to establish a cause of action in negligence: a duty of care owed by the defendant to the plaintiff, a breach of that duty, and resulting harm to the plaintiff caused by the breach. *Zanine v. Gallagher*, 345 Pa. Super. 119, 123, 497 A.2d 1332, 1334 (1985).

The extent of the duty owed by a defendant to a plaintiff depends upon the relationship which then exists between the parties. *Alumni Assn. v. Sullivan*, 369 Pa. Super. 596, 601, 535 A.2d 1095, 1098 (1987), *aff'd*, 524 Pa. 356, 572 A.2d 1209 (1990), citing, *Zanine v. Gallagher*, 345 Pa. Super. 119, 497 A.2d 1332, 1334 (1985). Where the parties are strangers to each other, the duty imposed is the general duty not to place others at risk of harm through their action or inaction. *Zanine, supra* at 123, 497 A.2d at 1334. *The scope of the duty is limited to those risks which are reasonably foreseeable by the actor in the particular circumstances. Id.* See also *Mohler v. Jeke*, 407 Pa. Super. 478, 595 A.2d 1247 (1991) ("Pennsylvania ... has long held that the actions of the defendant must be *unreasonable*, or expose the plaintiff to an elevated risk of *foreseeable* harm" for the defendant to be liable (emphasis in original) *Id.* at 487, 595 A.2d at 1252); *Carson v. City of Philadelphia*, 133 Pa. Commw. 74,

574 A.2d 1184 (1990); *McPeake v. Cannon, Esquire, P.C.,* 381 Pa. Super. 227, 553 A.2d 439 (1989). Consequently, the foreseeability of the risk must be considered in determining the existence of a duty. A defendant can be liable for only those risks which a person in his position could have reasonably foreseen.

This court finds that the outcome of the instant case is controlled by the Superior Court's holding in *Zanine, supra.* The cases are factually similar. In *Zanine,* the husband-plaintiff was an on-duty police officer who, upon reasonable suspicion, attempted to question defendants. See *Zanine, supra* at 122, 497 A.2d at 1333. The defendants evaded arrest by fleeing from the plaintiff in an automobile. Defendants' vehicle crashed and they were arrested. *Id.* Plaintiff returned to the police station where he suffered a heart attack. *Id.* Plaintiff brought suit in negligence to recover damages from defendants. The jury found in favor of defendants. The Superior Court affirmed the lower court's denial of post-trial relief, holding that plaintiff had failed to state a cause of action, because defendants did not owe plaintiff a duty of care. *Id.* The court reasoned that while defendants' flight from plaintiff created numerous, foreseeable risks to plaintiff, the risk that plaintiff would consequently suffer a heart attack was not reasonably foreseeable by the defendants. *Id.* at 122, 497 A.2d at 1334. Since that particular risk of harm was unforeseeable, defendants owed plaintiff no duty. *Id.*

This court finds no material distinctions between *Zanine* and this case. Both plaintiffs were police officers who suffered heart attacks after pursuing persons evading

arrest. In *Zanine*, the defendants did not come into physical contact with the plaintiff, but instead initiated a high-speed automobile chase. Foreseeable risks would have included the risk that plaintiff would lose control of the car and crash, possibly injuring or killing himself and/or others, and the risk that plaintiff s vehicle would have been hit by another vehicle.

In the instant case, assuming defendant physically contacted plaintiff, the foreseeable risks include a blackened eye, a broken bone, and strained or sprained muscles, tendons or ligaments. It was unforeseeable that defendant's actions would cause plaintiff's heart attack. Consequently, defendant's "conduct may have been 'negligent,' in the sense that it displayed carelessness, recklessness, or inadvertence, but proof of such conduct does not suffice to establish a cause of action in negligence." *Zanine, supra* at 123, 497 A.2d at 1334.

Plaintiff argues that *Zanine* should be distinguished in that here, unlike in *Zanine,* there was physical contact between the plaintiff and the defendant. Plaintiff relies upon *Niederman v. Brodsky*, 436 Pa. 401, 403, 261 A.2d 84, 86 (1970), in which the Supreme Court held that proximate cause may be established although there was no physical contact between defendant and plaintiff. *Id.* The *Niederman* decision turned upon an analysis of the element of proximate causation. The court in *Zanine,* however, based its determination on a duty analysis. Where there is no duty owed by the defendant to the plaintiff, the element of proximate cause need not be discussed because the analysis ends without reference to proximate cause.[4] Physical contact between plaintiff and defendant

4. This court acknowledges that, at least from the one perspective, there exists an interrelationship among foreseeability, duty and proximate cause.

does not, in and of itself, affect whether defendant owed plaintiff a duty.

## CONCLUSION

This court is empathetic to the plaintiff's position and reaches this conclusion somewhat reluctantly. However, this court believes that the *Zanine* decision controls. Here, as in *Zanine*, plaintiff cannot establish that defendant owed the requisite duty to plaintiff. Therefore, plaintiff cannot establish a *prima facie* case of negligence. Accordingly, Summary Judgment in favor of the defendant is appropriate.

---

"It is quite possible to state every question which arises in connection with 'proximate cause' in the form of a single question: was the defendant under a duty to protect the plaintiff against the event which did in fact occur? ... '[D]uty may serve to direct attention to the policy issued which determine the extent of the original obligation and of its continuance, rather than to the mechanical sequence of events which goes to make up causation in fact.... [W]hether the defendant stands in any such relation to the plaintiff as to create any legally recognized obligation of conduct for the plaintiff's benefit; ... whether the interests of the plaintiff are entitled to legal protection at the defendant's hands against the invasion which has in fact occurred; ... or whether the conduct is the 'proximate cause' of the result — all of these questions are, in reality, one and the same." *Bell v. Irace*, ___Pa .Super.___, ___ , 619 A.2d 365, 368 n.3 (1993), *quoting,* W.P. Keeton, Prosser and Keeton on Torts (5th ed. 1984) at 274.

Although this discussion need not address the issue of proximate causation, this court notes that the rescue doctrine is unavailable to satisfy that element under these facts. See *Bell* at ___, 619 A.2d at 368-69 (A rescue is an attempt to save another from suffering serious injury or death. *Id.* at ___, 619 A.2d at 369.).

## ORDER

And now, May 5, 1993, upon consideration of the defendant's motion for summary judgment and the plaintiff's response to it, and after conference with counsel and on the basis of the memorandum opinion filed with this order, it is hereby ordered that said motion for summary judgment in favor of defendant and against plaintiff is granted.