50 A.3d 1256

Ronald T. BOLE and Susan M. Bole, Appellants

v.

ERIE INSURANCE EXCHANGE, Appellee.

Supreme Court of Pennsylvania.

Argued Oct. 19, 2011.

Decided Aug. 20, 2012.

480

James J. Stuczynski, Bernard & Stuczynski, Erie, for Ronald T. Bole & Susan M. Bole.

William Wagner, Marnen Mioduszewski Bordonaro Wagner & Sinnott, L.L.C., Pittsburgh, for Erie Insurance Exchange.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## OPINION

Justice EAKIN.

Ronald Bole [1] appeals the Superior Court's order affirming an arbitration award denying him recovery of underinsured motorist benefits. We allowed appeal to determine whether the rescue doctrine allows appellant, a volunteer firefighter responding to a crash, to recover despite a finding his injuries were the result of a superseding cause. For the following reasons, we affirm.

Devin Finazzo drove negligently during a hurricane, causing his car to crash. Appellant received a call to respond to this crash. On his way to the fire station, a bridge on his property collapsed as he drove over it, causing him serious injuries. Because Finazzo was underinsured, appellant sued to collect underinsured motorist benefits from appellee, his insurer. [2]

A divided arbitration panel determined appellant was not entitled to benefits because he was not driving to the scene, and thus did not fall within the rescue doctrine; the trial court affirmed. The Superior Court reversed in a divided published opinion. *Bole v. Erie Insurance Exchange*, 967 A.2d 1017, 1021 (Pa.Super.2009). Finding appellant was engaged in a rescue, the court remanded the case to the arbitrators to determine whether appellant acted reasonably in his rescue attempt and whether the bridge collapse was a superseding cause. *Id.*, at 1020–21. Former Justice Fitzgerald filed a dissenting opinion, arguing appellant was not a rescuer as he was still driving to the fire station and would have at most provided post-crash medical care. *Id.*, at 1023–24 (Fitzgerald, J., dissenting).

1. Susan Bole claims loss of consortium; we refer only to Ronald Bole as appellant.

2. Although both parties briefed whether the rescue doctrine allows the recovery of underinsured motorist benefits, this issue is beyond the scope of our grant of allocatur.

On remand, the arbitrators again split 2–1, finding that although appellant could reasonably be found to have been engaged in a rescue, the bridge collapsed because of intervening circumstances not attributable to Finazzo. On appeal, the trial court affirmed, and the Superior Court affirmed in an unpublished memorandum. *Bole v. Erie Insurance Exchange*, No. 1814 WDA 2009, unpublished memorandum at 4 (Pa.Super. filed May 24, 2010). Judge Donohue filed a dissenting memorandum, finding appellant was only attempting to cross the bridge because Finazzo had crashed, and it was irrelevant that Finazzo did not actually cause the bridge to collapse. *Id.*, at 3 (Donohue, J., dissenting).

We granted allocatur to determine:

Whether the Superior Court erred in holding that [Petitioner Ronald] Bole, who was engaged in a rescue, could not recover under the rescue doctrine because the collapse of his bridge, which caused him severe injuries, was the result of a superseding cause when it collapsed as a result of flood waters in a blinding nocturnal rain storm when that same storm caused the original accident and created the rescue situation to which Bole was responding, when:

A. Bole, who[,] like other members of the McKean Volunteer Fire Department resided throughout McKean Township, had been summoned by the original tortfeasor by use of his cell phone for emergency assistance for his critically injured passenger; and

B. But for the use of modern telecommunications by which Bole and the other members of his volunteer fire department were summoned, [the original tortfeasor's] Finazzo's passenger would likely not have survived.

*Bole v. Erie Insurance Exchange*, 610 Pa. 406, 20 A.3d 1185, 1185 (2011) (*per curiam*). As appellant challenges an arbitration award, we will reverse if "the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict." 42 Pa.C.S. § 7302(d)(2).

Appellant contends the rescue doctrine eliminates the need to prove Finazzo was the proximate cause of appellant's injury and that the doctrine applies whenever the rescuer has a reasonable belief he is responding to another in imminent peril. Appellant claims he was only crossing the bridge because of the crash caused by Finazzo's negligence, which put Finazzo and his passenger in danger. Thus, as he was attempting a rescue in a reasonable manner, he is entitled to a full recovery, whether or not the rescue attempt was successful.

Appellee insists the rescue doctrine should be limited to situations where citizens are facing emergency situations. Appellee notes that appellant intended to go to the fire station before the crash site, and since other personnel arrived to aid the crash victims, appellant never faced an emergency situation, making the rescue doctrine inapplicable.

Appellee further argues the bridge collapse was a superseding cause of appellant's injuries. It contends the rescue doctrine does not allow recovery when an unforeseeable intervening act occurs prior to the plaintiff's injury. It alleges allowing recovery would expose tortfeasors to potentially unlimited liability and suggests a parade of horribles where Finazzo would be liable for all injuries happening before the rescue was completed.[3]

While the panel of arbitrators and the trial court applied the rescue doctrine, both found that the bridge collapse was a superseding cause that absolved Finazzo (and thus appellee) of liability. As for superseding cause, we have held:

"A superseding cause is an act of a third person or other force which, by its intervention, prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." In addition a superseding cause must be an act which is so extraordinary as not to have been reasonably foreseeable.

3. Appellee also encourages us to adopt the "Fireman's Rule," which would preclude professional rescuers from recovering against an original tortfeasor. As this claim is beyond the scope of our grant of allocatur, we will not address it.

*Von der Heide v. Commonwealth, Department of Transportation,* 553 Pa. 120, 718 A.2d 286, 288 (1998) (citations omitted).

The rescue doctrine provides " '[i]t is not contributory negligence for a plaintiff to expose himself to danger in a reasonable effort to save a third person or the land or chattels of himself or a third person from harm.' " *Guca v. Pittsburgh Railways Co.,* 367 Pa. 579, 80 A.2d 779, 782 (1951) (quoting Restatement of Torts § 472). Thus, the rescue doctrine permits injured rescuers to recover when their recovery would be otherwise barred by the strict application of the defense of contributory negligence. Nonetheless, "the defense of contributory negligence has been modified by the Comparative Negligence Act[.]" *Bell v. Irace,* 422 Pa.Super. 298, 619 A.2d 365, 369 (1993) (*en banc* ) (citing 42 Pa.C.S. § 7102).

The Superior Court has held the rescue doctrine still serves to establish a causal connection between a tortfeasor's negligence and the rescuer's injury. *Id.* (citing *Pachesky v. Getz,* 353 Pa.Super. 505, 510 A.2d 776, 783 (1986)). That court has characterized the rescue doctrine as "a narrow exception to the ordinary principles of negligence which require a showing of proximate causation." *Id.,* at 368–69. There, the court indicated the rescue doctrine establishes "a causal connection between a defendant's original negligence and a plaintiff/rescuer's injury where a causal connection might not otherwise exist." *Id.,* at 369 (citing *Pachesky,* at 783). As the rescue doctrine creates a causal link, we must determine whether it bars the application of the doctrine of superseding causes: that is, is a tortfeasor liable for all injures a rescuer suffers during the rescue, even when the injuries are caused by an unforeseeable superseding cause?

The rescue doctrine holds the original tortfeasor liable, as one would reasonably foresee that rescuers summoned may be injured. It is quite another matter to make him a guarantor of the rescuer's safety. Foreseeability is still in play, and the modifier "reasonably" still abides in its application—harm that is not reasonably foreseeable is not the responsibility of the tortfeasor.

■ Over 90 years ago, Judge Cardozo explained the rationale for the rescue doctrine as: "The risk of rescue, if only it be not wanton, is born of the occasion. The emergency begets the man. The wrongdoer may not have foreseen the coming of a deliverer. He is accountable as if he had." *Wagner v. International Railway Co.*, 232 N.Y. 176, 133 N.E. 437, 438 (1921). A tortfeasor who places himself or another in peril is presumed to foresee that people will come to render aid—he cannot argue the rescue attempt was unforeseeable, nor that it was contributory negligence. However, the rescue doctrine cannot be so broad as to make the tortfeasor liable for all harm befalling a rescuer. The rescue doctrine may allow recovery if the rescuer was struck by a car while driving to the scene, for that is reasonably foreseeable—it would not allow recovery if the rescuer was struck by a meteor as that is not reasonably foreseeable.

Other states have held the rescue doctrine does not guarantee recovery in the face of a superseding cause. *See, e.g., Hodge v. Dixon*, 119 Ga.App. 397, 167 S.E.2d 377, 378 (1969) (car which fatally struck police officer while directing traffic at accident scene was superseding cause); *Govich v. North American Systems. Inc.*, 112 N.M. 226, 814 P.2d 94, 100 (1991) ("Rather than to rely on the rescue doctrine's fictive notions of causation . . . it is more direct to rely upon the . . . traditional rules of proximate and independent intervening causation."); *McCoy v. American Suzuki Motor Corp.*, 136 Wash.2d 350, 961 P.2d 952, 957 (1998) ("[A] rescuer [must] show the defendant proximately caused his injuries."); *but see Ryder Truck Rental, Inc. v. Korte*, 357 So.2d 228, 231 (Fla.Dist.Ct.App. 1978) ("[W]e think that [a rescuer] should be able to recover when his injury results from a danger not reasonably foreseeable."); *Ouellette v. Carde*, 612 A.2d 687, 693 (R.I.1992) ("The rescue doctrine assigns the party who negligently creates a dangerous situation with responsibility for any rescuer injured in a reasonable rescue attempt.").

■ We hold the rescue doctrine will not make an original tortfeasor liable for injuries attributable to a superseding cause, and we disapprove any language in *Bell* or *Pachesky* to

the contrary. We reiterate the language of *Von der Heide*, cited above, that "a superseding cause must be an act which is so extraordinary as not to have been reasonably foreseeable." *Id.*, at 288. If it was reasonable to foresee that Finazzo's rescuers may be injured by a collapsing bridge while coming to his aid, the rescue doctrine would allow recovery. However, the majority of the arbitration panel, as affirmed by the trial court and the Superior Court, determined the bridge collapse was not reasonably foreseeable, and it was a superseding cause. The rescue doctrine does not obviate that finding.

Determinations of superseding cause are normally made by the fact-finder. *See Powell v. Drumheller*, 539 Pa. 484, 653 A.2d 619, 624 (1995) (citing *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118, 1122 (1987)) ("A determination of whether an act is so extraordinary as to constitute a superseding cause is normally one to be made by the jury."). We cannot say this finding was contrary to law. Finazzo could have foreseen appellant would come from miles away to render assistance and might have been injured during his attempt. However, it is not reasonable to foresee a bridge more than three miles away, on the rescuer's own property, would collapse and injure appellant as he drove to the station. Therefore, we will not undo the arbitrators' determination that the bridge collapse was a superseding cause of appellant's injuries.

The order of the Superior Court is affirmed.

Jurisdiction relinquished.

Justice ORIE MELVIN did not participate in the decision of this case.

Chief Justice CASTILLE, Justices SAYLOR, BAER and TODD join the opinion.

Justice McCAFFERY files a dissenting opinion.

Justice McCAFFERY, dissenting.

Appellant, Ronald T. Bole, a volunteer with the McKean Volunteer Fire Department, was paged during the early morning hours of September 9, 2004, to respond to an automobile accident that had occurred on the other side of town from his house, some 3.2 miles away. A heavy rain had been falling for hours, the remnants of Hurricane Francine, and parts of the entire area had suffered severe flooding and downed trees. The driver of the automobile who sought assistance, Devin Finazzo, had been going too fast for the dangerous road conditions and had hydroplaned off the road. Finazzo himself was not badly injured; however, one of his two passengers nearly lost an arm. Finazzo used his cell phone to summon emergency help. The call was directed to the McKean Volunteer Fire Department, a member of which, in turn, paged Appellant. As Appellant drove over a bridge on his own property on the way to the fire station to get an ambulance, the bridge collapsed. Appellant was thrown from his truck and sustained severe injuries.

Appellant sued Finazzo, and the case settled. Ultimately, Appellant sought to recover underinsured motorist benefits from his own carrier, Appellee, on the basis that pursuant to the rescue doctrine, he was entitled to benefits.

More than one hundred years ago, this Court delineated the contours of what has come to be known as the rescue doctrine, as follows:

> While one who rashly and unnecessarily exposes himself to danger cannot recover damages for injuries thus brought on himself, yet, where another is in great and imminent danger, he who attempts a rescue may be warranted, by surrounding circumstances, in exposing his limbs or life to a very high degree of danger. In such case, he should not be charged with the consequences of errors of judgment resulting from the excitement and confusion of the moment; and, **if he did not act rashly and unnecessarily expose himself to danger, and is injured, the injury should be attributed**

to the party that negligently or wrongfully exposed to danger the person who required assistance.

*Corbin v. Philadelphia,* 195 Pa. 461, 45 A. 1070, 1074 (1900) (quoted in *Cooper v. Reading Railroad Co.,* 370 Pa. 192, 87 A.2d 916, 917 (1952)) (emphasis supplied).

The arbitration panel determined here that Appellant had used the care appropriate for a volunteer fireman responding to a call according to the protocols of his fire department. In other words, Appellant had not acted rashly nor had he unnecessarily exposed himself to danger. Therefore, Appellant's injury should be attributed to the party that negligently or wrongfully exposed to danger the person who required assistance. Because the Majority concludes otherwise, I respectfully dissent.

Where the facts are uncontroverted and only one inference can be drawn, the question of whether there was a superseding or intervening cause which would prevent the defendant's act from being the proximate cause of the injury is a question of law for the court to determine. *Powell v. Drumheller,* 539 Pa. 484, 653 A.2d 619, 624 (1995). I believe that, as a matter of law, Finazzo could have reasonably foreseen that Appellant would be summoned to immediately respond to Finazzo's call for help, and that Appellant would thereby be exposed to the same forces of nature, *i.e.,* the same driving rains, that had caused Finazzo's accident. Circumstances similar to those of this case are likely to be present in many cases wherein plaintiffs will seek to invoke the rescue doctrine. Rescuers are often called to act under severe weather conditions or at times of natural disaster. The very forces that caused the original tortfeasor's conduct to be adjudged negligent are frequently extant during the time of the rescuer's response. The circumstances of this case demonstrate that it is foreseeable that a rescuer will encounter the same hazards as did the original tortfeasor, particularly where advances in telecommunications technology now make possible the types of rapid responses that are commonly expected of, and provided by, rescuers.

Here, the facts are uncontroverted and there is, in my opinion, only one reasonable inference that can be drawn as to whether there was a superseding or intervening cause, to wit, that Finazzo could have reasonably foreseen that Appellant would be summoned to immediately respond to his call for help. Further, in my opinion, it was reasonably foreseeable that the inclement weather conditions could have caused any manner of hazards by which Appellant could have been harmed during the course of his responding to Finazzo's distress call. Therefore, I would reverse the order of the Superior Court and remand for entry of an order in favor of Appellant.