J-S48006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN STEVENS AND MARIETTA STEVENS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAD SHAMBACH AND FELICIA ARNOLD | : | No. 126 MDA 2017 |
| | : | |
| Appellants | : | |

Appeal from the Judgment Entered March 6, 2017
In the Court of Common Pleas of Snyder County
Civil Division at No(s):  CV-0272-2014

BEFORE:   OTT, J., STABILE, J., and PLATT, J.*

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 12, 2017**

Chad Shambach and Felicia Arnold appeal from the judgment entered on March 6, 2017, in the Court of Common Pleas of Snyder County following a jury trial wherein Plaintiffs, John Stevens and Marietta Stevens, were awarded $16,582.74[1] in compensation for damages to their automobile. Shambach, the driver of the striking vehicle, was determined to have been 30% at fault, and Arnold, the owner of the striking vehicle was determined to have been 70% at fault.  In this timely appeal, Appellants claim the trial court erred in refusing to allow them to mention plaintiffs' insurance, even though said insurance was referenced in the complaint; and the jury erred in

_____

* Retired Senior Judge assigned to the Superior Court.

[1] This is the amount stated by the trial court in its judgment order.  In various filings by Stevens, the amount is $16,572.84.

determining Arnold was 70% negligent, even though she was not operating the striking vehicle. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

Initially, this is a subrogation action arising from a motor vehicle accident that occurred on December 20, 2013, on Route 61, Shamokin Dam, Snyder County, Pennsylvania. *See* generally Complaint, and at ¶ 4. On that day, Shambach was driving a 1992 Jeep Cherokee owned by Arnold. *Id*. at ¶ 6. Shambach dropped a cigarette while driving, causing him to lose attention to the road ahead. *Id*. at ¶ 10, N.T. Trial, 9/13/2016 at 20. Shambach hit the rear of the Stevenses' vehicle, a 2013 Ford Fusion, causing a total loss of the Stevenses' car. *Id*. at ¶¶ 10, 11. At the time of the accident, the Arnold vehicle was uninsured. *Id*. at ¶ 12. By stipulation between the parties, Arnold knew her vehicle was uninsured at the time she lent it to Shambach. N.T. Trial, 9/13/2016, at 30. The Stevenses' vehicle was insured by Donegal Mutual Insurance Company (Donegal). Complaint at ¶ 5. As a result of the accident, Donegal paid the Stevenses $18,246.84 and received $2,018.00 in return in salvage value of the car. *Id*. at ¶¶ 13, 14. Donegal then brought a subrogation action, in the names of its insureds, John Stevens and Marietta Stevens, against Shambach and Arnold.[2] In the complaint, various paragraphs made mention of Donegal's contractual relationship with the

---

[2] It was also stipulated that Shambach did not possess a valid driver's license at the relevant time. However, that information was inadvertently not given to the jurors. *See* N.T. Trial 9/13/2016 at 29-30.

Stevenses, including paragraphs 13-15 which detail the monies paid to the Stevenses and paragraph 16 which alleges Donegal's subrogation rights. The sole theory of liability against Arnold was negligence *per se* for allowing the operation of an uninsured motor vehicle in violation of the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), Title 75, specifically 75 Pa.C.S. § 1786(f).

The trial was essentially by stipulation. John Stevens testified he was stopped in traffic when he was rear-ended by the Jeep being driven by Shambach. He also testified that Shambach claimed he was distracted when he dropped his lit cigarette and was looking for it when the accident occurred. The stipulations regarding Shambach and Arnold, related in part above, were as follows:

> The Court: The parties have stipulated to several facts concerning Mr. Shambach. One, that he was the operator of the vehicle at the time of the accident. Two, he caused the accident in that his vehicle drove into the rear of Mr. Stevens's vehicle. And three, that he has not provided any compensation to Mr. and Ms. Stevens for the accident.
>
> Attorney Wiest, on behalf of Mr. Stevens also intended to call Ms. Arnold as on cross examination. The parties have stipulated that she would testify that one, she was the owner of the 1992 Jeep Cherokee automobile that Mr. Shambach was driving. Number two, she would testify that at the time of the accident, the 1992 Jeep Cherokee was not covered by a valid policy of auto insurance. Three, that at the time she permitted Mr. Shambach to operate the 1992 Jeep Cherokee she knew that it did not have a valid policy of automobile insurance. And four, that she has not provided any compensation to Mr. or Mrs. Stevens for damages resulting from the accident.

N.T. Trial, 9/13/2016, at 29-30.

- 3 -

In Appellants' first issue, they claim the trial court erred in preventing them from raising the fact that the Stevenses were insured and had collected certain amounts from Donegal as compensation for their totaled automobile where Donegal mentioned itself in the complaint.

Our standard of review of a trial court's decision to admit or exclude evidence is well-settled:

> When we review a trial court ruling on admission of evidence, we must acknowledge that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law. In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party.
>
> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

***Phillips v. Lock***, 86 A.3d 906, 920 (Pa. Super. 2014) (citation omitted).

Here, the trial court has accurately stated that Pa.R.C.P. 2002(d), allows a subrogation matter to be prosecuted in the names of the insured, not in the name of the real party at interest, the insurance company. This legal fiction "was promulgated to avoid prejudicing a subrogated insurer in the eyes of a jury in actions for reimbursement." ***Beechwoods Flying Service, Inc. v. Al Hamilton Contracting Corp.***, 476 A.2d 350, 352 (Pa. 1984). Thus, the caption of this matter apropriately names John Stevens and Marietta Stevens rather than Donegal Mutual Insurance Company. References to Donegal within the complaint do nothing more than provide the defendants with an

accurate statement of Donegal's contractual rights and the basis for seeking recompense. The trial court found this did not open the door to the Appellants to claim the Stevenses were insured and had already been paid for their damages.[3]

Appellants also argue that **Beechwoods**, **supra**, allows for the introduction of proof of liability insurance to show agency, ownership or bias. Appellants' Brief at 7-8. While that is an accurate statement, Appellants have not demonstrated how any of those factors are applicable herein. In short, even if the trial court erred in preventing Appellant from mentioning Donegal's relationship with the Stevenses, they have shown no prejudice. Accordingly, Appellants are not entitled to relief on this issue.

The second claim only directly involves Arnold. Here, Arnold claims error in finding her to have been 70% liable for the damages even though the evidence showed that it was Shambach who was driving the Jeep at the time of the accident. Specifically, she argues that Shambach dropping a cigarette, causing him to lose attention to the road, and ultimately striking and totaling the Stevenses' vehicle was a superseding cause, which was not reasonably foreseeable. Because the defense of superseding cause works to relieve the

---

[3] Appellants claimed their limits of liability were $44.00 in out-of-pocket expenses incurred by the Stevenses.

proponent of the argument of liability, Arnold seeks to shift all liability to her co-defendant, Shambach.[4] Her argument is unavailing.

First, "[d]eterminations of superseding cause are normally made by the fact-finder." **Bole v. Erie Insurance Exchange**, 50 A.3d 1256, 1261 (Pa. 2012). However, Arnold did not seek a jury instruction regarding superseding cause, nor was one given. Accordingly, the trial court did not err in failing to grant Arnold's post-verdict relief on this issue.

Furthermore, the trial court stated in its Pa.R.A.P. 1925(a) opinion: "In his summation, counsel for the defendants raised the issues of foreseeability and liability of defendant Arnold. The jury did not accept counsel's argument since they found defendant Arnold primarily at fault." Trial Court Opinion, 2/8/2017, at 4. The evidence, such as it was, showed that Arnold began the chain of events that led to the destruction of the Stevenses' vehicle by knowingly allowing an uninsured vehicle to be operated on the streets of the Commonwealth of Pennsylvania. Pennsylvania law requires all private passenger motor vehicles to maintain certain levels of liability insurance, including property damage,[5] to operate legally on the public streets. The trial court instructed the jury, without objection, that Arnold's violation of that law constituted negligence *per se*. N.T. Trial, 9/13/2016, at 43-44. Based upon

_____

[4] Arnold initially frames this issue as a claim of excessive verdict. There is no indication the verdict was excessive – the jury awarded the damages as explained in the repair bills. She is actually challenging the apportionment of liability.

[5] **See** 75 Pa.C.S. § 1702, definition of "Financial responsibility."

the information found in the certified record, the trial court found no error in the apportionment of liability.  Given the abbreviated nature of this matter and certified record, we agree.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/12/2017