## ECKERT, ADMR., v. THE REFINERS OIL CO.

*Negligence—Exercise of care—Duty of property owner—City fireman a licensee, when.*

A fireman, responding to an alarm of fire, is a licensee while on the premises where the fire is in progress, and the owner of such premises owes to such fireman only the duty to refrain from wilfully or wantonly injuring him and to exercise ordinary care after discovering him to be in peril.

(Decided January 9, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. E. S. Morrissey; Mr. Albert D. Alcorn,* and *Mr. Robert S. Alcorn,* for plaintiff in error.
*Messrs. Frost & Jacobs,* for defendant in error.

HAMILTON, P. J.  This is an action in damages for causing the death of plaintiff's decedent, a member of the fire department of the city of Cincinnati, while on the premises of the defendant company, in response to an alarm of fire.

The court below sustained a demurrer to the amended petition, and entered judgment for the defendant. It is now sought to reverse that judgment.

The amended petition states that the defendant was engaged in the business of dealing in, storing and selling gasoline, oils and similar products, at its place of business, Depot and South streets, Cincinnati; that on August 5, 1920, there was a fire at the plant of the defendant company; that the decedent, with other members of the fire company,

responded to an alarm of fire, and in response to that call was on the premises of the defendant; and that his clothes became saturated with oil and he was so burned that he died from the effects thereof. The negligence charged was that the defendant carelessly and negligently caused gasoline and oil to escape upon the ground of its plant, so that the ground was saturated with gasoline and oil; that the defendant negligently and carelessly maintained valves which would not cut off the supply of gasoline when the same was being used to fill the tanks of the company; that such tanks would overflow and cause gasoline and gasoline vapors to escape and permeate the entire atmosphere surrounding the tank; and that the defendant carelessly and negligently permitted its employes to smoke and use matches in and about its plant and building, and negligently and carelessly failed and refused to adopt any rules or regulations against the use of matches or flame of any kind in and about said property, and failed and refused to furnish its employes with safety matches, or electric flashlights, or other safety devices, in and around such plant.

The questions presented for determination are:

What was the status of the fireman, responding to an alarm of fire, while on the premises where the fire was in progress?

What duty did the owner of the premises owe to the fireman?

The rule is that a fireman who enters upon the premises, or into a building in case of fire, so far as the owner is concerned, is a licensee. 2 Cooley on Torts (3 ed.), page 1268; Chapin on Torts, page 508: *Gibson* v. *Leonard,* 143 Ill., 182; *Hamilton* v.

*Minneapolis Desk Mfg. Co.*, 78 Minn., 3; *Woodruff, Admx.*, v. *Bowen*, 136 Ind., 431.

2 Cooley on Torts (2 ed.), 648, makes this comment in case of firemen or other authorities entering upon private property for the purpose of extinguishing or averting the spreading of flames:

"The law of overruling necessity licenses this, and will not suffer the owner of a lot to stand at its borders and exclude those who would use his premises as vantage ground in staying the conflagration."

The weight of authority in the United States is that firemen in the discharge of their duties have a license to enter any property that in their judgment it is necessary to enter for the purpose of extinguishing or preventing the spread of flames. So it is the settled law of the United States that a fireman is a licensee.

The remaining question for consideration is the duty a property owner owes a licensee.

The general rule is that a property owner owes the duty to refrain from wantonly and wilfully injuring the licensee, and to exercise ordinary care after discovering that he is in peril. In *Hannan, Admr.*, v. *Ehrlich*, 102 Ohio St., 176, in the third and fourth propositions of the syllabus, the court says:

"Actionable negligence exists only where the one whose act causes or occasions the injury owes to the injured person a duty created either by contract or by operation of law, which he has failed to discharge.

"A licensee takes his license subject to its attendant perils and risks, and the licensor owes him no duty except to refrain from wantonly or

wilfully injuring him and to exercise ordinary care after discovering him to be in peril; he should not be exposed to hidden dangers, pitfalls or obstructions."

The inference to be drawn from the petition is that there was a fire in progress at the plant of the defendant company; that after it was discovered the fire department was notified and members of the department responded to the alarm, among them the decedent. There is no statement in the petition that any specific act of negligence occurred after they reached the scene of the fire. The allegation of failure to turn off the gasoline is a general charge of negligence. The allegation with reference to smoking, and the use of matches, etc., about the plant, is also a statement of general negligence and does not come within the rule announced by the Supreme Court in the *Hannan case, supra,* or in the long line of decisions in other states to the same effect. There is no statement in the petition of any acts or omissions after the fire occurred, which it is claimed show wantonness or wilfulness on the part of the defendant, or of any other acts that are claimed to be the proximate cause of the accident and death. There is nothing to show any act of the defendant company after the decedent was in peril; or that defendant did any wanton or wilful act that tended to injure him or cause his death.

The judgment of the court below is affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.