EDITH JANE WAX, NOW EDITH JANE PLANANSKY, AS
ADMINISTRATRIX OF THE ESTATE OF DALLAS E. WAX,
DECEASED, APPELLANT, V. THE CO-OPERATIVE
REFINERY ASSOCIATION, A CORPORATION, ET
AL., APPELLEES.

49 N. W. 2d 707

Filed November 9, 1951. No. 32930.

*Charles A. Fisher,* for appellant.

*Edwin D. Crites,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

A former opinion in this case is reported as Wax v.
Co-Operative Refinery Assn., *ante* p. 42, 46 N. W. 2d 769.
Upon reargument, we arrive at the same result as in

such former opinion, but upon the basis of somewhat different reasoning. However, we still adhere to and reaffirm syllabus 7 and 8, together with that part of the opinion discussing and perfecting the propositions of law established by such syllabus. Otherwise, insofar as said former opinion is in conflict herewith, it is vacated and withdrawn.

The pleadings and pertinent facts appearing in the record are correctly reflected in that opinion, and they will not be generally restated. Further, the facts reflected by the opinion in Fentress v. Co-Operative Refinery Assn., 149 Neb. 355, 31 N. W. 2d 225, with exceptions which could not require a different result here, are identical with those at bar. Such exceptions appear in our former opinion, and they will not be generally repeated. It is sufficient for us to say that in the Fentress case plaintiff was a trained member of the Hemingford Volunteer Fire Department. In other words, he was a volunteer fireman.

In the case at bar, decedent was a professional paid fireman, in the employ of the United States government, at the Alliance Air Base, and not a member of the Hemingford Volunteer Fire Department. However, he resided in Hemingford, was there when the fire alarm siren sounded, and went to the fire, where, upon request, with knowledge and permission of and under direction of Hemingford Volunteer Fire Department officials, he voluntarily served as a fireman with other firemen. In other words, he was simply a fireman who volunteered.

Both the plaintiff in the Fentress case, and decedent in this case, were in fact firemen whose respective injuries or death occurred while they were fighting the same fire, under almost identical circumstances. In the light of the situation presented, they were both, in the eyes of the law, bare licensees, and the two cases are controlled by like or related propositions of law.

In the Fentress opinion, it was said: "The rule is that in the absence of any statute or ordinance prescribing a

duty on the part of the owner of premises to members of a public fire department, the owner is not liable for injuries to such a fireman except those proximately resulting from willful or wanton negligence or a designed injury. New Omaha Thomson-Houston Electric Light Co. v. Anderson, 73 Neb. 84, 102 N. W. 89. 38 Am. Jur., Negligence, §· 125, p. 785; Annotations, 13 A. L. R. 637, 141 A. L. R. 584; 45 C. J., Negligence, § 200, p. 794.

"We are not here dealing with a hidden danger or peril. The condition of the burning transport was an obvious one."

The pertinent ordinances, rules, and regulations here involved and allegedly violated were doubtless enacted to prevent a fire and not to prescribe a duty on the part of an owner or occupant of premises to an individual or fireman or members of a fire department fighting a fire.

Each authority cited in the Fentress case affirms the fact that a fireman or individual fighting a fire on the premises of an owner or occupant is a bare licensee to whom the owner or occupant owes no greater duty than to refrain from injuring him by willful or wanton negligence or a designed injury, except in certain cases where there may be the duty to warn of hidden danger or peril known to the owner or occupant but unknown to or unobservable by the fireman in the exercise of ordinary care. Here the danger was not only obvious, but also defendant gave warning that there was danger of a second explosion which caused the injuries to and death of decedent. See, also, 65 C. J. S., Negligence, § 33, p. 490; 30 L. R. A. N. S. 60.

The fact that defendant owner's gas and oil trailer truck here involved was personal property and out in the road some distance from defendant's filling station at the time of the accident would be of no controlling consequence to change the rule, because the rule with respect to the duty toward a licensee is not confined to real property but applies to personal property as well.

45 C. J., Negligence, § 202, p. 798; 65 C. J. S., Negligence, § 35, p. 494.

In New Omaha Thomson-Houston Electric Light Co. v. Anderson, 73 Neb. 84, 102 N. W. 89, cited with approval in the Fentress case, *supra*, it was held: "In the absence of any municipal ordinance or statute changing the rule, a fireman who entered upon property without any special authority or invitation of the owner is a bare licensee, made such by public necessity and takes the risk of the premises as he finds them."

In Cities Service Oil Co. v. Dixon, 14 Ohio Law Abstract 203, a private individual who went to assist at a fire was held to be a bare licensee. In that opinion, quoting from Hannan, Admr. v. Ehrlich, 102 Ohio St. 176, 131 N. E. 504, it was said: " 'A licensee takes his license subject to its attendant perils and risks, and the licensor owes him no duty except to refrain from wantonly and wilfully injuring him, and to exercise ordinary care after discovering him to be in peril; he should not be exposed to hidden dangers, pitfalls or obstructions.' " See, also, Eckert, Admr. v. Refiners Oil Co., 17 Ohio App. 221, a comparable case, which also quoted the foregoing statement with approval. In the last-cited case it was held: "A fireman, responding to an alarm of fire, is a licensee while on the premises where the fire is in progress, and the owner of such premises owes to such fireman only the duty to refrain from wilfully or wantonly injuring him and to exercise ordinary care after discovering him to be in peril."

It is generally held that a fireman, or individual who goes to assist in putting out a fire upon premises and is injured, cannot establish liability of the property owner or occupant therefor by simply establishing negligence in starting the fire, but only by showing that his injuries were designed or proximately caused by willful or wanton negligence of such owner or occupant or by some hidden danger or peril upon the premises, known by the occupant or owner but unknown by the

fireman or individual, and not, if reasonable opportunity is given, disclosed to such persons or their superiors, who were unable to observe the same by exercising ordinary care. Therefore, it is immaterial whether or not the fire was started by negligence or that such was continuing negligence as argued by plaintiff, since a fireman or individual who undertakes to fight a fire knows that it exists and as licensee ordinarily assumes the risk of the premises as he finds them. 141 A. L. R. 585.

Cases relied upon by plaintiff are entirely distinguishable both upon the facts and the law. In Suttie v. Sun Oil Co., 15 Pa. Dist. & Co. 3, it was held that consideration of public policy prevented the predicating of any liability upon the owner or occupant to a fireman upon negligence causing the fire. Therein the court said: "It is a well known fact that in the great majority of instances fires originate from the negligence of those in possession of property. To impose upon an owner liability for such negligence in favor of those who voluntarily assume all the dangers growing out of so hazardous an occupation, however commendably courageous and disinterested the assumption may be, would inflict an onerous and unfair risk upon one who is deprived of all control over the other's acts, who cannot even prevent him from assuming such risks, who, for the public good, has temporarily lost all control over his property, and who is helpless to protect himself. * * * This position is in accord also with the obvious public policy to which the situation gives rise. An owner, facing knowlege that he risks being mulcted in damages by those whom he summons to aid in the extinguishment of a fire, would be strongly tempted by self-interest to temporize with the dangerous situation, to adopt his own means of saving his property, and to delay summoning aid until perhaps greater danger would be threatened to the public." See, also, Lunt v. Post Printing Co., 48 Colo. 316, 110 P. 203, 30 L. R. A. N. S. 60, 21 Ann. Cas. 492.

In the light of the foregoing rules, we find in the rec-

ord no competent evidence which could reasonably sustain a conclusion that defendant was guilty of willful or wanton negligence or a designed injury, or that there was a hidden danger or peril upon which a recovery could be predicated. Therefore, we conclude that the trial court did not err in setting aside the verdict but did err in granting defendant a new trial, and that the cause should be and hereby is remanded with directions to render a judgment notwithstanding the verdict in favor of defendant.

ALL CAPS text centered:

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

YEAGER, J., concurring.

I find no fault with any of the determining conclusions arrived at in the second opinion in this case. I think it correctly reflects the facts and controlling principles of law.

I think however that a mistake was made in the withdrawal of parts of the earlier opinion. As I view it the two are in nowise inconsistent. The two point out that within the meaning of law the acts of the defendant were not the efficient cause of the accident and death. An efficient cause intervened which became the proximate cause. The only discernible substantial difference as I view it between the two opinions is that in the former the causative agent was denominated an intervening cause whereas in the latter it was not.