FRANK A. LAVE ET AL., APPELLEES, V. HERMAN
NEUMANN, DOING BUSINESS AS PLATTSMOUTH TRANSFER,
APPELLANT.

317 N.W.2d 779

Filed April 2, 1982. No. 43896.

Larry E. Welch and Harold W. Kauffman of
Gross, Welch, Vinardi, Kauffman, Day & Langdon,
P.C., for appellant.

Dixon G. Adams of Rice & Adams, for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN,
CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

This was an action for damages for personal injuries sustained in an accident on December 15, 1978.
The defendant appeals from a judgment in favor of
the plaintiffs in the amount of $8,500.

The plaintiff Frank Lave was employed as a police

officer by the City of Bellevue, Nebraska. On December 15, 1978, at about 1 p.m., he was directed to investigate a pickup truck parked near 18th and Warren Streets in the City of Bellevue. While the plaintiff was investigating the pickup truck, a semi-truck and trailer owned by the defendant, Herman Neumann, doing business as Plattsmouth Transfer, and operated by Theodore R. Emmert, an employee of the defendant, stopped near 1808 Warren Street near the pickup truck.

Warren Street at that point is in a residential area. The street is paved and approximately 24 feet wide. It slopes down to the north from the point where the defendant's truck was stopped.

Although the area was not fully developed, there were houses on both sides of the street and several vehicles were parked at the curb on both sides of the street. A senior citizens home was being constructed at 1808 Warren Street and there were five stoves on the defendant's truck which were to be delivered at that address.

Emmert parked the defendant's truck near the center of Warren Street with the truck headed in a northerly direction. Both the truck and the trailer were equipped with air brakes. Emmert applied both sets of brakes and left the motor running while he went into the building to talk to the construction foreman.

Shortly after Emmert had entered the building, the truck began to roll to the north down Warren Street. The plaintiff ran after the truck in an effort to stop it. He reached the truck and stepped on the running board with his right foot, but the door to the cab came open and he slipped to the ground. He was injured when the left rear wheels of the truck passed over his legs or pinched his legs against the curb as the truck passed by. Emmert was able to reach the plaintiff and help pull him out of the way in time so that the rear wheels of the trailer did not strike the plaintiff.

The issue upon the appeal is the standard of care which the defendant owed to the plaintiff under the circumstances in this case. The defendant contends that the "fireman's rule" is applicable and that the defendant was liable only for willful and wanton negligence or a failure to warn of a hidden danger which was known to the defendant but of which the plaintiff was unaware. The trial court refused to give a requested instruction to that effect.

The petition alleged the defendant was negligent in failing to keep his vehicle under proper and reasonable control; in failing to set the brakes on the vehicle and/or keep them in proper repair; or in allowing his vehicle to stand unattended on the highway without first stopping the motor and turning the front wheels to the curb. The answer alleged the plaintiff was a volunteer who assumed the risk of injury and that the plaintiff was contributorily negligent in attempting to jump into a moving vehicle or in leaving a place of safety and entering a place of danger.

The trial court submitted the case to the jury upon the claims of the parties and instructed the jury that it was not contributory negligence for the plaintiff "to expose himself to danger in an effort to save himself or others from injury to their person or property, unless the effort itself is an unreasonable one or the plaintiff acts unreasonably in the course of it."

The fireman's rule, which the defendant contends is applicable, is set out in *Wax v. Co-Operative Refinery Assn.,* 154 Neb. 805, 807, 49 N.W.2d 707, 709 (1951), as follows: "[A] fireman or individual fighting a fire on the premises of an owner or occupant is a bare licensee to whom the owner or occupant owes no greater duty than to refrain from injuring him by willful or wanton negligence or a designed injury, except in certain cases where there may be the duty to warn of hidden danger or peril known to the

owner or occupant but unknown to or unobservable by the fireman in the exercise of ordinary care."

In *Nared v. School Dist. of Omaha,* 191 Neb. 376, 215 N.W.2d 115 (1974), we held that a similar rule was applicable to a policeman injured while searching for a burglar in the attic of a school building. We held that a police officer who is called to investigate a burglary on premises and is injured as a consequence of a condition upon a portion of the premises not open to the public has the status of a licensee. The occupier of the premises owes to the licensee the duty to warn, if an opportunity is. afforded, of hidden dangers known to the occupier but unknown to and not readily observable by the licensee.

The defendant contends that the fireman's rule was extended to risks encountered in dealing with personal property in *Buchanan v. Prickett & Son, Inc.,* 203 Neb. 684, 279 N.W.2d 855 (1979). In the *Buchanan* case a volunteer fireman was injured while trying to extricate the driver from a gasoline transport after it had been damaged in a collision with another truck. The plaintiff urged that the fireman's rule should not be applicable to a volunteer fireman attempting to save a human life, and that the rescue doctrine should be applicable. We held that no distinction could be made as between volunteer and paid firemen; that no substantive distinction could be made upon the basis of the particular task being performed; and that the fireman's rule, not the rescue doctrine, was applicable under the facts of that case.

The reasons which justify the application of the fireman's rule in cases where firemen were injured in fires involving personal property are the same reasons which support the rule in fires involving real property. A similar analogy cannot be made as to policemen injured while performing their duty not on private premises.

Under the rescue doctrine it is not contributory negligence for a plaintiff to expose himself to danger in a reasonable effort to save a third person or the property of a third person from harm. The extent of the risk which the volunteer is justified in assuming under the circumstances increases in proportion to the imminence of the danger and the value to be realized from meeting the danger and attempting to remove or eliminate the hazard; that is, the less the danger to the third party, the less the risk the volunteer is justified in taking. *Buchanan v. Prickett & Son, Inc., supra.*

We see no reason why, under the facts of this case, a policeman injured in the performance of his duty, by the negligence of another, has any less right to be compensated for his injuries than a person not a policeman. The requirement that the rescue effort be reasonable and the risk assumed be proportionate to the danger involved is an adequate limitation upon the right of the injured policeman to recover.

We conclude that the rescue doctrine was applicable in this case and the fireman's rule was not.

The judgment of the District Court is affirmed.

AFFIRMED.

CAPORALE, J., dissenting.

I must respectfully dissent. Plaintiff pled that at the time in question he was in the course and scope of his employment as a police officer. The defendant admitted such to be the fact.

Our prior holdings conclude that policemen and firemen assume the risks of their occupations and that, absent a statute or ordinance to the contrary, one creating a risk does not become liable to such public servants except for those damages proximately caused by design or by willful or wanton negligence. This result has been based on the theory that one owes no duty to be free of ordinary negligence to persons engaged in the occupations of fireman or policeman. *Buchanan v. Prickett & Son,*

*Inc.,* 203 Neb. 684, 279 N.W.2d 855 (1979); *Nared v. School Dist. of Omaha,* 191 Neb. 376, 215 N.W.2d 115 (1974); *Wax v. Co-Operative Refinery Assn.,* 154 Neb. 805, 49 N.W.2d 707 (1951). We have also held it is immaterial that one engaged in such an occupation acts on his own initiative because of facts which come to his attention during the course of his duties. *Nared v. School Dist. of Omaha, supra.*

The majority opinion tells us that the reasons which justify the application of the fireman's rule in cases where firemen are injured when involved with personal property are the same which support the rule in fires involving real property. It then asserts that a similar analogy cannot be made to policemen injured while performing their duties on other than private premises. The majority does not undertake to tell us why such an analogy cannot be made. Such an analogy not only can be made, it cannot be avoided. Both firemen and policemen are public servants paid to incur the risks of their occupations. That is the articulated rationale of the rule in this jurisdiction. No rational distinction can be made between firemen and policemen whether they are performing their duties on private premises or in circumstances involving personal property.

The fireman's rule has withstood attack in other jurisdictions from those who misunderstand its genesis and underlying policy. See *Walters v. Sloan,* 20 Cal. 3d 199, 571 P.2d 609, 142 Cal. Rptr. 152 (1977), which noted that the principle denying recovery to those voluntarily undertaking the hazard causing injury is fundamental in a number of doctrines, including nullification of the duty of care, satisfaction of the duty to warn because the hazard is known, contributory negligence, and assumption of risk, as well as in the fireman's rule. The rule finds its clearest application in a situation where a person who, fully aware of the hazard created by the defendant's negligence, voluntarily confronts the

risk for compensation. Firemen and policemen are paid for the work they perform and are prepared to face the hazards of their employment and deal with perils when they arise. When death, injury, or disability occurs, compensation is provided not only through the workmen's compensation law but, in certain circumstances, by other special benefit statutes. As stated in *Scheurer v. Trustees,* 175 Ohio St. 163, 192 N.E.2d 38 (1963), a suggestion that there is a difference between policemen and firemen is not impressive. Both act under authority of law, appear at any time, without notice or warning, and the owner of the property may not exclude them.

The result reached by the majority is not logically consistent with our prior pronouncements. If this case is to signal the abrogation of the fireman's rule in this jurisdiction, we should say so forthrightly and not leave the world in a quandary as to what the rule means and whether it will be applied. Moreover, I would not agree that a departure from the rule is sound or desirable.

I would reverse with instructions to dismiss.

BOSLAUGH and CLINTON, JJ., join in this dissent.