RUSSELL F. MORAVEC, APPELLANT, v. RICHARD E. MORAVEC ET AL., APPELLEES.
343 N.W.2d 762

Filed February 10, 1984. No. 82-794.

Blevens, Blevens & Jacobs, for appellant.

Barlow, Johnson, DeMars & Flodman, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an action for personal injuries suffered by the plaintiff, an employee of defendants, when he was attempting to remove a hazardous condition from defendants' home. The trial court sustained defendants' motion for summary judgment and plaintiff appeals. We reverse and remand.

The following facts are established by the deposition of plaintiff, and for the purposes of review of the propriety of the ruling are undisputed. At the time he sustained his injuries plaintiff-appellant, Russell F. Moravec, was the 21-year-old son and employee of defendants-appellees, Richard E. and Maryann Moravec. Plaintiff's employment duties involved general farm labor on defendants' farm. When defendants were not home, they generally left work instructions for plaintiff on the kitchen table in their residence.

On September 10, 1980, after Russell had completed his work assignment he returned to defendants' residence for additional instructions. As Russell approached the house, he observed a haze through the window. Upon opening the front door plaintiff was immediately met with black smoke. He proceeded through the entryway into the kitchen, where he observed that the source of the smoke was a kettle located on the kitchen stove. Russell then shouted a warning for any occupants to "get out." He then grabbed the kettle, but it was too hot to handle. Using a sweat shirt to pick up the kettle, he started to take it outside. The plaintiff was nearly to the door when the kettle, which contained lard, exploded, severely burning him. As he was exiting the house, Russell again yelled "get out," as the exploding lard had caused numerous small fires in the

house. Russell twice reentered the house to shout warnings and attempt to telephone for assistance. Unable to see the dial because of the thick smoke, he drove to the neighbors' for help.

Maryann Moravec had been stewing tomatoes earlier that day, and Russell thought the kettle contained burning tomatoes. It was not until later that plaintiff discovered his mother had been rendering lard in the kettle and had inadvertently turned the burner to "high" instead of "off" before leaving the house.

The trial court, in sustaining defendants' motion for summary judgment, held that the fireman's rule was applicable and stated that "[a]n individual who undertakes to fight a fire on the premises of another assumes the risk of the premises as he finds them."

The sole issue raised by this appeal is whether the trial court correctly applied the fireman's rule to preclude plaintiff's recovery. We hold that under the facts of this case the rescue doctrine, not the fireman's rule, is controlling.

The fireman's rule, most recently set out in *Lave v. Neumann*, 211 Neb. 97, 99-100, 317 N.W.2d 779, 781 (1982), is as follows: " '[A] fireman or individual fighting a fire on the premises of an owner or occupant is a bare licensee to whom the owner or occupant owes no greater duty than to refrain from injuring him by willful or wanton negligence or a designed injury, except in certain cases where there may be the duty to warn of hidden danger or peril known to the owner or occupant but unknown to or unobservable by the fireman in the exercise of ordinary care.' "

The defendants cite no case, nor could we find any, in which the fireman's rule was applied to an individual fighting a fire who was not a professional or volunteer fireman.

"Although one who negligently causes a fire, necessitating the calling of a professional or volunteer fireman to fight the fire, is not ordinarily held

liable, on the basis of such negligence, for injury to the fireman incurred in the course of carrying out his function, a person other than a professional or volunteer fireman who attempts to control a fire or to save life or property from a fire has generally been treated by the courts as standing in a different position than a fireman, and as not being subject to the rule of nonliability as applied to firemen. Thus, aside from issues of duty and breach of duty on the part of one alleged to have negligently caused a fire, the courts have for the most part been concerned with the so-called rescue doctrine in determining whether a recovery was allowable for personal injury to or the death of a person other than a fireman who sustained the injury or death in an attempt to control a fire or to save life or property from a fire." Annot., Liability of One Negligently Causing Fire for Injuries Sustained by Person other than Firefighter in Attempt to Control Fire or to Save Life or Property, 91 A.L.R.3d 1202, 1205 (1979). See, also, 35 Am. Jur. 2d *Fires* § 34 (1967).

Under the rescue doctrine it is not contributory negligence for a plaintiff to expose himself to danger in a reasonable effort to save a third person or the property of a third person from harm. The extent of the risk which the volunteer is justified in assuming under the circumstances increases in proportion to the imminence of the danger and the value to be realized from meeting the danger and attempting to remove or eliminate the hazard; i.e., the less the danger to the third party, the less the risk the volunteer is justified in taking. *Lave v. Neumann, supra*; *Wolfinger v. Shaw*, 138 Neb. 229, 292 N.W. 731 (1940).

We are of the opinion that the rescue doctrine is applicable in this case and the fireman's rule is not. We further conclude that whether or not the plaintiff acted as a reasonable person would have acted under similar circumstances is a question for a jury and should have been submitted to it.

REVERSED AND REMANDED.