John J. RENNENGER, Individually and as Next Friend of Rhonda C. Rennenger, Heather M. Rennenger, and Renada N. Rennenger, and Sandra K. Rennenger, His Wife, Appellants,

v.

PACESETTER COMPANY a/k/a Pacesetter Company, Inc., Appellee.

No. 95–1162.

Supreme Court of Iowa.

Jan. 22, 1997.

Gary D. Ordway and Roy M. Irish of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, L.L.P., Des Moines, for appellants.

William F. Fanter and Elizabeth A. Nigut of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

In 1984 we adopted the fireman's rule [hereinafter referred to as the firefighter's rule] and held that a dram shop operator was protected by the rule in a suit brought by two police officers seeking damages for injuries they sustained when an intoxicated patron assaulted them while they were attempting to quell a disturbance at a tavern. *Pottebaum v. Hinds,* 347 N.W.2d 642, 643 (Iowa 1984). We recognized that courts have generally extended the firefighter's rule to police officers and have held the rule is applicable to all causes of action. *Id.* at 644, 647. Since our adoption of the rule in 1984, we considered the application of the rule in two appeals. Both appeals involved police officer dram shop actions. *Chapman v. Craig,* 431 N.W.2d 770, 771 (Iowa 1988); *Gail v. Clark,* 410 N.W.2d 662, 665 (Iowa 1987).

Here, we must decide if a contractor involved in the renovation of a four-story apartment building is protected by the firefighter's rule in a negligence suit brought by a firefighter who was injured while fighting a fire in the apartment building. Under the circumstances of this case, we conclude the firefighter's rule does not apply. The decision of the court of appeals is affirmed; the district court judgment is reversed and the suit is remanded for trial.

I. *Background Facts and Proceedings.*

John J. Rennenger was a firefighter for the City of Des Moines who was seriously injured in the course of his employment when he fell from a deck area on the fourth floor level to the deck area on the third floor of an apartment building owned by Sherman Hill Association, Inc. The apartment building was under repair and construction by Pacesetter Company (Pacesetter) at the time.

John Rennenger, individually and as next friend for his three children, and Sandra K. Rennenger, his spouse (collectively referred to as Rennenger), brought a negligence suit against Pacesetter for personal injuries and loss of consortium. The petition alleged John was injured at the apartment building when he fell from an unguarded and unrailed fourth floor landing that was under construction by Pacesetter.

Pacesetter filed an answer and alleged, as an affirmative defense, reliance upon the firefighter's rule. After conducting discovery, Pacesetter filed a motion for summary judgment urging that the firefighter's rule barred plaintiff's recovery and entitled Pacesetter to summary judgment as a matter of law. Rennenger filed a resistance to the motion urging the rule did not apply.

The district court granted the motion for summary judgment and dismissed Rennenger's action. The court concluded Rennenger received his injuries while performing official duties relating to the hazardous situation. The court found "firefighters and police officers may not recover for injuries suffered as a direct result of the duties they were called upon to perform."

Rennenger timely appealed the court's judgment. We transferred the appeal to the Iowa Court of Appeals. Iowa R.App. P. 401. It held Rennenger's claims were an exception

to the firefighter's rule because the claims were based on a third-party's negligent conduct. The appellate court cited *Pottebaum* in stating the scope of the rule. In *Pottebaum*, we relied upon the language of the California Supreme Court, which stated "the [firefighter's rule] does not prohibit a firefighter from recovering damages when the act which results in his injury is independent from the act which created the emergency to which the [firefighter] responded." *Pottebaum*, 347 N.W.2d at 646 (quoting *Lipson v. Superior Ct.*, 31 Cal.3d 362, 182 Cal.Rptr. 629, 644 P.2d 822, 826 (1982)). The appellate court reversed the district court's judgment and remanded for trial. We granted Pacesetter's application for further review. Iowa R.App. P. 402.

Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Iowa R. Civ. P. 237(c). The scope of the firefighter's rule is a legal question subject to summary determination.

## II. *Firefighter's Rule.*

In *Pottebaum*, we adopted a *limited* firefighter's rule. *Pottebaum*, 347 N.W.2d at 645. In Iowa, the firefighter's rule prohibits firefighters and police officers from recovering damages when their claim is based on the same conduct or act that initially created the need for the person's presence in his or her official capacity. *Id.* *See generally* Richard C. Tinney, Annotation, *Liability of Owner or Occupant of Premises to Police Officer Coming Thereon in Discharge of Officer's Duty*, 30 A.L.R.4th 81 (1984); Larry D. Scheafer, Annotation, *Liability of Owner or Occupant of Premises to Fireman Coming Thereon in Discharge of His Duty*, 11 A.L.R.4th 597 (1982).

Although other jurisdictions adopted the rule in the context of the duties owed by a landlord or occupier to individuals entering on the premises, or upon reliance of the assumption of risk doctrine to bar recovery, we adopted the rule for policy reasons. *Pottebaum*, 347 N.W.2d at 644–45. We concluded

it offends public policy to say that a citizen invites private liability merely because he happens to create a need for those public services. Citizens should be encouraged and not in any way discouraged from relying on those public employees who have been specially trained and paid to deal with these hazards. Additionally, a citizen does not have the right to exclude public safety officers from emergency situations or to control their actions once they have been alerted to an emergency and arrive on the scene. Indeed, a citizen may have a legal duty to summon a public safety officer in some instances and to say he may, in the course of discharging that duty, risk tort liability to officers who are specially trained and hired to cope with these hazards, strikes us as inconsistent and unfair. Finally, although we are aware of the widespread existence of liability insurance, we believe these risks are more effectively and fairly spread by passing them onto the public through the government entities that employ firefighters and police officers.

*Id.* at 645–46 (citation omitted). In *Chapman*, we found no new policy reasons to abandon our position supporting the firefighter's rule. *Chapman*, 431 N.W.2d at 772.

In defining the scope of the firefighter's rule in Iowa, we stated:

This is not to say that firemen or police officers are barred from recovery in all instances in which they are injured by negligent acts. *The relevant inquiry is whether the negligently created risk which resulted in the fireman's or policeman's injury was the very reason for his presence on the scene in his professional capacity.* If the answer is yes, then recovery is barred; if no, recovery may be had.

. . . .

As these cases point out, although policemen are barred from recovery against the person *whose negligence created the need for their presence,* they are not barred from recovery for negligent or intentional acts of misconduct by a third party. Nor would they be barred from recovery if the individual responsible for their presence engaged in subsequent acts

of negligence or misconduct once the officer was on the scene.

*Pottebaum,* 347 N.W.2d at 646 (emphasis added). We held the firefighter's rule applies to a dram shop action where the dram shop violation is the act which created the need for the officer's presence. *Id.* at 647.

In recognition of the limited scope of the Iowa rule, we refused to apply the rule when an intoxicated driver's car collided with a squad car that was responding to a request for assistance in a high speed chase. *Gail,* 410 N.W.2d at 667. Although the police officer was performing law enforcement activities, we observed "the main act that created the need for Gail's presence was the high-speed chase and not the indirect dram shop violation." *Id.* Clearly, the scope of the Iowa rule is narrow.

Although the Michigan court also adopted the firefighter's rule on public policy grounds, the scope of its rule is broader. *See Kreski v. Modern Wholesale Elec. Supply Co.,* 429 Mich. 347, 415 N.W.2d 178, 186–189 (1987). In adoption of the firefighter's rule, the Michigan court stated:

> Thus, as a matter of public policy, we hold that firefighters or police officers may not recover for injuries occasioned by the negligence which caused their presence on the premises in their professional capacities. *This includes injuries arising from the normal, inherent, and foreseeable risks of the chosen profession.*

*Id.* 415 N.W.2d at 189 (emphasis added). The court summarized:

> [t]he scope of the rule adopted today includes negligence in causing the incident requiring a safety officer's presence *and* those risks inherent in fulfilling the police or fire fighting duties.... The firefighter's rule only insulates a defendant from liability for injuries arising out of the inherent dangers of the profession.

*Id.* (emphasis added). Consequently, in Michigan the firefighter's rule prevents recovery for two types of injury, (1) those derived from the negligence causing the safety officer's presence, and (2) those stemming from the normal risks of the safety officer's

profession. *Woods v. City of Warren,* 439 Mich. 186, 482 N.W.2d 696, 700 (1992).

In contrast, the Wisconsin court adopted a very limited firefighter's rule. In Wisconsin, a firefighter may not recover from the landowner or occupier who negligently starts a fire or negligently fails to curtail its spread. *Hass v. Chicago & N.W. Ry.,* 48 Wis.2d 321, 179 N.W.2d 885, 887–88 (1970) (application of public policy consideration prevents a firefighter from recovery against property or occupier whose only negligence is in starting a fire or failing to curtail its spread); *see also Hauboldt v. Union Carbide Corp.,* 160 Wis.2d 662, 467 N.W.2d 508, 512 (1991) (court refused to expand the firefighter's rule to cover manufacturers whose defective product starts or contributes to a fire).

Likewise, in *Wilbanks v. Echols,* 209 Ga. App. 210, 433 S.E.2d 134, 135 (1993), the court applied the same "relevant inquiry" we expressed in *Pottebaum* when determining if the rule should apply. The Georgia court refused to apply the rule where the firefighter was injured not by reason of the fire but when he fell into an open excavation while trying to get to the fire. *Id.* We believe the limited firefighter's rule as applied to firefighters in Wisconsin and Georgia expresses the limited scope of the firefighter's rule adopted in Iowa.

### III. *Application of Firefighter's Rule.*

Rennenger alleged he was injured when he fell from the unrailed and unguarded landing on the fourth level of the apartment building while he was searching for occupants and ventilating the apartment building. The building was being remodeled and repaired by Pacesetter. Rennenger claims that Pacesetter was negligent in failing to make the construction site reasonably safe, in failing to comply with state and federal safety standards, in failing to install temporary railings or barriers, and in failing to provide adequate warning. Rennenger makes no claim that Pacesetter negligently caused the fire or contributed to its spread. Apparently the fire was a result of arson. Although Rennenger's injuries may have arisen from the normal, inherent, and foreseeable risks of a firefighter, our firefight-

er's rule is limited to those injuries arising from the acts that created the need for the firefighter's presence. Clearly, the alleged negligent acts that resulted in Rennenger's injuries are independent from the act which created the emergency to which he and the fire department had responded.

We affirm the court of appeals decision; we reverse the district court judgment and remand for trial.

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**