Jesse PAUL and Carol Paul, Appellees,

v.

LUIGI'S, INC., a Corporation, Appellant.

No. 96–86.

Supreme Court of Iowa.

Jan. 22, 1997.

Matthew G. Novak and Joanne M. Lilledahl of Pickens, Barnes & Abernathy, Cedar Rapids, for appellant.

George E. Wright of Napier, Wright & Wolf, Fort Madison, and A.J. Flickinger of Craig, Wilson & Flickinger, Independence, for appellees.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

Plaintiff Jesse Paul was injured while investigating a suspicious vehicle in an alley behind defendant restaurant, Luigi's, Inc. (Luigi's). Luigi's claims that Paul is barred from recovering any damages based on the fireman's rule [hereinafter referred to as the firefighter's rule]. Following a trial, the district court granted judgment in Paul's favor. We affirm.

## I. Background Facts and Proceedings.

Paul is a police officer in Oelwein, Iowa. At approximately 3:30 a.m. on April 29, 1993, Paul was dispatched to investigate the presence of a suspicious vehicle parked in a dark alley behind Luigi's. Paul drove to Luigi's and began his investigation without waiting for the other officer on duty to arrive.

Paul spoke with the occupants of the vehicle and obtained their identification. In order to radio in the identifications in a place of safety, Paul took ten or twelve steps backward without taking his eyes off the vehicle. He knew there was a window well behind Luigi's but was not sure of its location. As he turned around, Paul stepped into the window well and injured his ankle. At the time, the window well had no guard rail or gate to cover its opening.

Paul brought a premises liability action against Luigi's for personal injuries and his wife brought an action for loss of consortium. In its answer, Luigi's alleged the affirmative defense of comparative fault, claiming that Paul was solely responsible for his injuries. Luigi's then filed a motion for summary judgment, contending the action was barred by the firefighter's rule. The motion was denied, and the case was tried to the court on December 13, 1995. The district court entered judgment in favor of Paul and his wife in the amount of $12,386.66. Luigi's appealed.

On appeal, Luigi's claims the district court erred in concluding that (1) the firefighter's

rule does not bar Paul's recovery, (2) Luigi's had abandoned the comparative fault defense and that, in any event, Paul was not negligent in causing his injuries, and (3) Luigi's was negligent in failing to exercise ordinary care by providing a guard or other protection over the window well.

## II. Scope of Review.

■ Our scope of review is for the correction of errors at law. Iowa R.App. P. 4. We are bound by the district court's findings of fact if they are supported by substantial evidence. Iowa R.App. P. 14(f)(3). When reviewing evidence for its substantiality, we view it in the light most favorable to upholding the district court's judgment. *Frunzar v. Allied Property & Cas. Ins. Co.*, 548 N.W.2d 880, 884–85 (Iowa 1996).

## III. Firefighter's Rule.

Luigi's first argues that the firefighter's rule applies to this case, and the action should have been dismissed. We disagree.

■ In Iowa, the firefighter's rule prohibits firefighters and police officers from recovering damages when their claim is based on the same conduct or act that initially created the need for the person's presence in his or her official capacity. *Pottebaum v. Hinds*, 347 N.W.2d 642, 645 (Iowa 1984). We adopted the rule for policy reasons. *Id.* at 644–45. In *Rennenger v. Pacesetter Co.*, 558 N.W.2d 419 (Iowa 1997), an opinion filed this month, we discussed the rule and its limited applicability in Iowa. The scope of the firefighter's rule is narrow, and in determining whether it applies, the relevant inquiry is

> whether the negligently created risk which resulted in the fireman's or policeman's injury was the very reason for his presence on the scene in his professional capacity. If the answer is yes, then recovery is barred; if no, recovery may be had.

*Rennenger*, 558 N.W.2d at 421 (quoting *Pottebaum*, 347 N.W.2d at 646).

■ The negligently created risk which resulted in Paul's injury was not the reason for his presence at Luigi's. Paul was dispatched to investigate a suspicious vehicle in an alley behind Luigi's. He was not injured by the vehicle or the occupants of the vehicle. He was injured as a result of Luigi's negligence in maintaining an unguarded window well. The firefighter's rule does not bar Paul's premises liability claim.

## IV. Classification of Police Officer.

Luigi's next argues that the district court erred in determining that Paul was an invitee who was owed a duty of ordinary care. Luigi's claims that Paul, as a police officer, should have been classified as a licensee. Contrary to Luigi's argument, the district court did not make a specific finding that Paul was an invitee. The court simply held that Luigi's "was negligent in failing to exercise ordinary care by providing a guard or other protection over the window well, which would protect passers-by from stepping into the window well." Because of the window well's location, the court found "it was not observable by a person exercising ordinary care."

■ We have been reluctant to conclusively establish a land possessor's duty of care based on the status of the injured party. *Pottebaum*, 347 N.W.2d at 645. However, in this case, it does not matter whether Paul was an invitee or licensee. For either invitees or licensees, an owner has a duty to warn of hidden dangers known by the owner to be dangerous if such danger is not known or not observable by a person exercising ordinary care. *Id.* at 644–45 (citing *Lave v. Neumann*, 211 Neb. 97, 317 N.W.2d 779, 781 (1982)). We believe the district court properly addressed the duty owed by Luigi's, and its findings are supported by substantial evidence.

## V. Abandonment of Comparative Fault Defense.

Finally, Luigi's claims the district court erred in concluding that it abandoned the comparative fault defense. In its decision, the court stated:

> The comparative fault defense was asserted at the time of filing defendant's answer, but was not specified in any detail in subsequent pleadings. Defendant made no

reference to the comparative fault defense during trial and has not asserted any specification of negligence. Under the circumstances, the court concludes that defendant has abandoned the comparative fault defense.

Luigi's asserts the court erred in determining that a party must plead specifications of negligence in order to assert comparative fault. The court did not state that specifications of negligence had to be pled as an affirmative defense of comparative fault. It simply noted that such allegations were not pled.

In any event, the court also found that Paul "was not negligent in any way that caused his injuries." We believe this finding is supported by substantial evidence and precludes Luigi's argument on this issue.

**AFFIRMED.**