**Donna Lou SHEETS, Appellant,**

v.

**RITT, RITT & RITT, INC., Appellee.**

**No. 96–1981.**

Supreme Court of Iowa.

July 1, 1998.

Rehearing Denied Aug. 11, 1998.

HARRIS, Justice.

For many years we have questioned the soundness of the common-law distinctions in premises liability cases based on the status of the entrant to property (invitee, licensee, or trespasser). Notwithstanding growing dissatisfaction with the distinctions, especially as between an invitee and licensee, we have heretofore declined to abandon them. Our decisions make clear that our reluctance has not been because we are enamored with the common-law distinctions, but rather because the unsuccessful plaintiffs in cases challenging the rule had been accorded all advantages that flow from the most-favored status (invitee), and we have therefore felt any error was harmless. We think the time has come to abrogate the distinction between invitees and licensees. We do so now, even though the plaintiff in this case also had the advantage of being treated as an invitee. On the facts here though, we affirm the trial court judgment.

The plaintiff, Donna Sheets, was injured when she slipped and fell in the shower area of the ladies' locker room at a motel in Ottumwa, Iowa. The motel was operated by the defendant, Ritt, Ritt & Ritt, Inc. Donna suffered serious injuries from the fall, incurring medical bills in excess of $59,000. She thereafter brought this action alleging Ritt was negligent in failing to maintain a safe shower area and failing to warn of the dangers. Ritt answered and raised a comparative fault defense.

At trial Donna objected to the court's jury instructions, asserting they were premised on the common-law distinctions. Her requested instruction would have informed the jury:

Plaintiff, Donna Sheets, claims the defendant was at fault because of defendant's negligence.

In order for the plaintiff, Donna Sheets, to recover she must prove all of the following propositions:

1. The defendant was negligent in one or more of the following ways:

David S. Wiggins of Wiggins, Anderson & Conger, P.C., West Des Moines, for appellant.

John A. Pabst of Pabst Law Firm, Albia, for appellee.

a. in failing to maintain the shower area in a safe condition;

b. in failing to warn of the dangers in the shower area.

2. The negligence was a proximate cause of the damage to plaintiff.

3. The nature and amount of damage.

If Donna Sheets has failed to prove any of these propositions, [she] is not entitled to damages.

Donna's most significant proposed instruction stated:

The defendant in this case, as the possessor of the premises where plaintiff was injured, owes a duty of reasonable care under all attendant circumstances existing at the time and place of the injury.

A violation of this law is negligence.

The court rejected the proposed instructions and instead, in its instruction 15, adopted Iowa civil jury instruction 900.1 (essentials for recovery—condition of premises—duty to invitees). The jury returned a verdict for Ritt, and the matter is before us on Donna's appeal. On a challenge to jury instructions our review is on error. Iowa R.App. P. 4; *Kragel v. Wal–Mart Stores, Inc.,* 537 N.W.2d 699, 702 (Iowa 1995).

I. Under present Iowa law, in order to ascertain the duty owed by landowners to entrants upon their land, courts classify entrants as either invitees, licensees, or trespassers. *Paul v. Luigi's, Inc.,* 557 N.W.2d 895, 897 (Iowa 1997); *Wieseler v. Sisters of Mercy Health Corp.,* 540 N.W.2d 445, 449 (Iowa 1995). An invitee is a person who enters or remains on land open to the public by invitation or permission and is owed the highest standard of care. *Morgan v. Perlowski,* 508 N.W.2d 724, 727 (Iowa 1993) (citing Restatement (Second) of Torts § 332 cmt. a, at 176 (1965)). "A business invitee is one 'who is invited to enter or remain on land for the purpose directly or indirectly connected with business dealings with the possessor of land.'" *Konicek v. Loomis Bros., Inc.,* 457 N.W.2d 614, 618 (Iowa 1990) (quoting Restatement (Second) of Torts § 332, at 175). The possessor of land is under a duty to use ordinary care to keep the premises in a reasonably safe condition for business invi-

tees. *Id.* This duty requires the possessor to use reasonable care to ascertain the actual condition of the premises. *Id.* The duty also requires the possessor to make the area reasonably safe or to give warning of the actual condition and risks involved. *Id.*

A licensee is one who may enter or remain on land only with the possessor's consent. *Morgan,* 508 N.W.2d at 727. For either invitees or licensees, an owner has a duty to warn of hidden dangers known by the owner to be dangerous if such danger is not known or not observable by a person exercising ordinary care. *Paul,* 557 N.W.2d at 897.

II. Our disenchantment with these common-law distinctions has already been mentioned. *Id.* (we are reluctant to establish land possessor's duty of care on the basis of status of injured party); *Pottebaum v. Hinds,* 347 N.W.2d 642, 645 (Iowa 1984) (same); *Rosenau v. City of Estherville,* 199 N.W.2d 125, 135 (Iowa 1972) (questioning future applicability of common-law categories).

Our discomfort with the common-law classifications has been shared in other jurisdictions. In 1957, by statute, England abrogated the common-law distinction between licensees and invitees and imposed upon the occupier a "common duty of care" toward all persons who lawfully enter the premises. W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 62, at 432 (5th ed.1984). Shortly thereafter, in 1959, the United States Supreme Court decided the classifications would not apply in admiralty law, stating the classifications created a "semantic morass." *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 631, 79 S.Ct. 406, 410, 3 L.Ed.2d 550, 555 (1959). In 1968 California abolished its traditional duty classification scheme of invitees, licensees, and trespassers and replaced it with ordinary negligence principles. *Rowland v. Christian,* 69 Cal.2d 108, 70 Cal. Rptr. 97, 443 P.2d 561, 568–69 (1968).

A number of jurisdictions have followed California, abandoning all classifications, including that of trespasser. *See Smith v. Arbaugh's Restaurant, Inc.,* 469 F.2d 97 (D.C.Cir.1972); *Webb v. City & Borough of Sitka,* 561 P.2d 731 (Alaska 1977); *Mile High*

*Fence Co. v. Radovich*, 175 Colo. 537, 489 P.2d 308 (1971);[1] *Pickard v. City & County of Honolulu*, 51 Haw. 134, 452 P.2d 445 (1969); *Cope v. Doe*, 102 Ill.2d 278, 80 Ill.Dec. 40, 464 N.E.2d 1023 (1984) (only with regard to child entrants); *Cates v. Beauregard Elec. Coop., Inc.*, 328 So.2d 367 (La.1976); *Limberhand v. Big Ditch Co.*, 218 Mont. 132, 706 P.2d 491 (1985); *Moody v. Manny's Auto Repair*, 110 Nev. 320, 871 P.2d 935 (1994); *Ouellette v. Blanchard*, 116 N.H. 552, 364 A.2d 631 (1976); *Basso v. Miller*, 40 N.Y.2d 233, 386 N.Y.S.2d 564, 352 N.E.2d 868 (1976); *Mariorenzi v. Joseph DiPonte, Inc.*, 114 R.I. 294, 333 A.2d 127 (1975). *But see Tantimonico v. Allendale Mut. Ins. Co.*, 637 A.2d 1056 (R.I.1994) (restoring status category of trespasser).

A number of states have abolished the distinctions between licensees and invitees but retain special duties regarding trespassers. *See Wood v. Camp*, 284 So.2d 691 (Fla. 1973) (treating all those invited onto property equally and distinguishing between invited and uninvited licensees); *Jones v. Hansen*, 254 Kan. 499, 867 P.2d 303 (1994); *Poulin v. Colby College*, 402 A.2d 846 (Me.1979); *Baltimore Gas & Elec. Co. v. Flippo*, 348 Md. 680, 705 A.2d 1144 (1998); *Mounsey v. Ellard*, 363 Mass. 693, 297 N.E.2d 43 (1973); *Peterson v. Balach*, 294 Minn. 161, 199 N.W.2d 639 (1972); *Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996); *Ford v. Board of County Comm'rs*, 118 N.M. 134, 879 P.2d 766 (1994); *O'Leary v. Coenen*, 251 N.W.2d 746 (N.D.1977); *Ragnone v. Portland Sch. Dist. No. 1J*, 291 Or. 617, 633 P.2d 1287 (1981); *Hudson v. Gaitan*, 675 S.W.2d 699 (Tenn. 1984); *Antoniewicz v. Reszcynski*, 70 Wis.2d 836, 236 N.W.2d 1 (1975); *Clarke v. Beckwith*, 858 P.2d 293 (Wyo.1993). Illinois eliminated distinctions of licensee and invitee by statute in 1984. *See* 740 Ill. Comp. Stat. 130/2 (West 1996).

Since 1968 at least twelve states have declined to abolish the distinctions. *McMullan v. Butler*, 346 So.2d 950 (Ala.1977); *Baldwin v. Mosley*, 295 Ark. 285, 748 S.W.2d 146 (1988); *Morin v. Bell Court Condominium Ass'n*, 223 Conn. 323, 612 A.2d 1197 (1992); *Bailey v. Pennington*, 406 A.2d 44 (Del.1979); *Mooney v. Robinson*, 93 Idaho 676, 471 P.2d 63 (1970); *Kirschner v. Louisville Gas & Elec. Co.*, 743 S.W.2d 840 (Ky.1988); *Astleford v. Milner Enters., Inc.*, 233 So.2d 524 (Miss.1970); *Carter v. Kinney*, 896 S.W.2d 926 (Mo.1995); *DiGildo v. Caponi*, 18 Ohio St.2d 125, 247 N.E.2d 732 (1969); *Lohrenz v. Lane*, 787 P.2d 1274 (Okla.1990); *Tjas v. Proctor*, 591 P.2d 438 (Utah 1979); *Younce v. Ferguson*, 106 Wash.2d 658, 724 P.2d 991 (1986).

III. Even though adoption of comparative fault does not seem to have been the usual catalyst for abandonment of the common-law distinctions, we think Donna is logical in arguing that the vast change in the tort landscape in recent years places the common-law distinctions out of plumb with the times. Categorizing entrants to property as either invitees or licensees, and assigning the possessor differing duties accordingly, made more sense in former times when tort disputes were resolved by initially focusing only on the defendant's fault, with plaintiff's fault omitted from consideration except as a bar to recovery. Under comparative fault of course, a plaintiff's fault is a full part of the recovery equation and bars recovery only when the plaintiff's fault causes more than fifty percent of the injury. *See* Iowa Code § 668.3(1) (1997).

We think Donna is correct in arguing that the common-law system of pegging liability to the entrant's status is out of focus under present tort law. Pegging liability to an entrant's status is inappropriate because it misdirects the jury away from a comparison of the parties' fault, and regresses back to a system which is focused on one party's fault.

Comparative fault was adopted because the former system came to be viewed as unreasonable and unfair. The authorities we have cited demonstrate a growing awareness that assigning duties to owners or occupiers of land on the basis of the status of a visitor is similarly unreasonable and unfair. Reasonable and fair-minded people do not vary

1. In 1990, the Colorado legislature reinstated the distinctions. *See* Colo.Rev.Stat. § 13–21–115(3) (1996).

their conduct because of a visitor's status as an invitee or licensee. *Rowland,* 70 Cal. Rptr. 97, 443 P.2d at 568.

■ For this reason we take the step anticipated in *Paul, Pottebaum,* and *Rosenau;* we abrogate the distinction in premises liability cases between invitees and licensees. We do not decide whether a distinction should persist with regard to trespassers. That question is left for an appropriate case in which the parties can test whether the special nature of an act of trespass still calls for a continuation of that entrant's status. *See Katko v. Briney,* 183 N.W.2d 657 (Iowa 1971).

■ It is important to note what we do not hold. We do not suggest that the owners or occupiers of land are insurers of the premises. But they have a clearly understood duty. Their duty, under the change, was well explained when Nebraska took the step we now take:

We impose upon owners and occupiers only the duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors. Among the factors to be considered in evaluating whether a landowner or occupier has exercised reasonable care for the protection of lawful visitors will be: (1) the foreseeability or possibility of harm; (2) the purpose for which the entrant entered the premises; (3) the time, manner, and circumstances under which the entrant entered the premises; (4) the use to which the premises are put or are expected to be put; (5) the reasonableness of the inspection, repair, or warning; (6) the opportunity and ease of repair or correction or giving of the warning; and (7) the burden on the land occupier and/or community in terms of inconvenience or cost in providing adequate protection.

*Heins,* 552 N.W.2d at 57.

Other states abandoning the distinction have experienced little difficulty in similarly adhering to this simpler and more just standard. Although the wording of this standard varies from state to state, all are very similar. For instance, in *O'Leary v. Coenen* the North Dakota supreme court employed this standard:

An occupier of premises must act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to another, the seriousness of the injury, and the burden of avoiding the risk.

*O'Leary,* 251 N.W.2d at 751; *see also Clarke,* 858 P.2d at 296.

The remaining jurisdictions subscribe to a similar standard: duty of reasonable care under all attendant circumstances which the landowners owe to all lawful visitors. *Poulin,* 402 A.2d at 846; *Mounsey,* 297 N.E.2d at 51; *Antoniewicz,* 236 N.W.2d at 11; *see also Ford,* 879 P.2d at 771 (factors include likelihood of injury to another, the seriousness of the injury, and the burden of avoiding the risk); *Hudson,* 675 S.W.2d at 703–04 (foreseeability of the presence of the visitor and the likelihood of harm to him or her are factors in assessing liability).

IV. In *Paul, Pottebaum,* and *Rosenau,* although noting the same views we have just expressed, we declined to abrogate the distinction because we thought the plaintiffs in those cases were not harmed by the instructions which adhered to the now discredited common-law rule. We are prompted in the present case to abrogate the distinction because, in view of comparative fault, we are no longer willing to assume that anyone treated as an invitee will suffer no harm just because they are so treated. We however are convinced Donna suffered no harm and we thus conclude reversal is neither demanded nor appropriate.

■ In the light of the change Donna has prompted us to adopt, her requested instructions would have been preferable to the uniform instruction actually given. In the same light, however, the uniform instruction seems quite innocuous and, in Donna's situation, not misleading. Iowa civil jury instructions 900.1 (essentials for recovery by invitee), 900.2 (essentials for recovery by licensee), and 900.3 (essentials for recovery by trespasser), do not inform the jury of the status of the entrant seeking recovery. Nowhere in any of them is the label invitee, licensee, or tres-

passer mentioned and indeed they were not mentioned anywhere in the instructions. Certainly neither our uniform instruction 900.1 (invitee) or 900.2 (licensee), which are strikingly similar, contain language contradictory to Donna's theory of recovery.

Because Donna is unable to show how her chance of recovery would have actually improved under the instructions she requested, the case comes down to this. Donna is correct in contending that jury instructions in premises liability cases should not turn on whether the entrant is an invitee or licensee. She is however unable to establish that the jury might have reacted differently under her proposed instructions. The error was harmless.

 V. Donna has an alternative challenge to jury instruction 15. This uniform instruction was based on section 343(c) of the Restatement (Second) of Torts. Donna contends there was a subtle change in language between the Restatement and the uniform instruction. She asserts instruction 15 erroneously focuses on the conduct of the defendant, rather than on the danger of the premises.

We need not explore the challenge because Donna invited the part of the instruction (paragraph three) she now criticizes. Paragraph one of Donna's own proposed instruction was identical with the one actually given. We have said numerous times a party may not ask for appellate review of an error in giving an instruction which he or she requested, or which is substantially identical with the one requested. *State v. Osborne,* 258 Iowa 390, 393, 139 N.W.2d 177, 179 (1965); *Tilghman v. Chicago N.W. R.R.,* 253 Iowa 1339, 1350–51, 115 N.W.2d 165, 172 (1962); *Hackman v. Beckwith,* 245 Iowa 791, 800, 64 N.W.2d 275, 281 (1954); *Odegard v. Gregerson,* 234 Iowa 325, 332–33, 12 N.W.2d 559, 562 (1944). It is clear this is what was done here.

The challenge must be rejected.

VI. The issue urged on cross-appeal is moot.

**AFFIRMED ON BOTH APPEALS.**

All justices concur except TERNUS, J., and McGIVERIN, C.J., and CARTER and SNELL, JJ., who concur in result.

LAVORATO, J., takes no part.

TERNUS, Justice (concurring in the result).

I concur in the result. I agree that the instructions submitted in this case did not work an injustice. I am not, however, convinced at this time that it is prudent to abandon the traditional classifications employed in premises liability cases to define a property owner's duty of care.

McGIVERIN, C.J., and CARTER and SNELL, JJ., join the special concurrence.